## 56985. KELLY v. THE STATE.

MCMURRAY, Judge.

Defendant was charged by accusation with the offense of abandonment of his legitimate minor child. He was convicted and sentenced to serve a term of 12 months probated provided he pay $40 per week for the first 12 months and then $25 per week thereafter and pay a $100 fine. Thereupon, defendant filed a motion for new trial which was thereafter denied. Defendant appeals. *Held:*

1. While the criminal accusation charged the defendant with abandoning a minor legitimate child the evidence was conflicting as to whether or not the minor child was illegitimate or legitimate, or the child of the defendant. The evidence clearly disclosed defendant was formerly married to the child's mother. She testified that a divorce had been granted but they continued to live together as man and wife, all of which was sufficient to show a common law marriage following the divorce, albeit he testified to the contrary. It was not essential to show a

public or private de facto ceremony between the parties in order to show the child was legitimate or illegitimate. See in this connection *Drawdy v. Hesters,* 130 Ga. 161 (4-6) (60 SE 451); *Alberson v. Alberson,* 237 Ga. 622 (229 SE2d 409); *Satterfield v. Satterfield,* 236 Ga. 155 (1) (223 SE2d 136); *Brown v. Brown,* 234 Ga. 300 (215 SE2d 671). The evidence here was sufficient to support the verdict of guilty and same should not be reversed as being contrary to law, contrary to the evidence and without evidence to support same.

2. The accusation charged the defendant with abandonment of his legitimate child. The trial court thereafter did not err in charging the jury the substance of Code § 74-105 that until majority it is the duty of the father to provide for the maintenance, protection and education of his child. Nor did the court err in charging the substance of Code Ann. § 74-9902 (Ga. L. 1941, pp. 481, 483; 1946, pp. 63, 64; 1952, pp. 173, 174; 1956, p. 800; 1960, pp. 952, 953; 1965, p. 197; 1967, pp. 453, 454; 1973, pp. 697, 698; 1976, p. 1015) as to the wilful and voluntary abandonment of a child. We do not find that the court prejudiced the case against the defendant by so charging the law.

3. Defendant next contends that the trial court erred in failing to charge the jury that it was incumbent upon the state to prove beyond a reasonable doubt that defendant was in fact the father of said child in that he contended that this child was an illegitimate child and not his child. However, no written request to charge was made by the defendant, and the court properly charged the law as to the presumption of innocence in his favor; that the jury was to determine beyond a reasonable doubt the guilt of the accused and that it was the duty of the state to prove each and every one of the material allegations of the accusation, "and the guilt of the defendant sufficiently to convince your minds beyond a reasonable doubt as to the guilt of the accused." There is no merit in this complaint. The defendant testified positively that the child was not his. After the defendant had presented his evidence and announced "Defense Rests," the state obtained permission of the trial court to allow the jury to see the child in the presence of the defendant and the prosecuting

witness and determine for themselves if there was or was not a resemblence or for whatever the evidence was worth. A minor child may be exhibited to the jury in abandonment cases. *Sims v. State,* 16 Ga. App. 211 (2) (84 SE 976); *Posey v. State,* 46 Ga. App. 290 (3), 293 (167 SE 340); *Hunt v. State,* 101 Ga. App. 126 (1) (112 SE2d 817); *Nesbit v. State,* 112 Ga. App. 464, 465 (2) (145 SE2d 662).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

Argued January 8, 1979 — Decided February 2, 1979 — Rehearing denied February 15, 1979 —

*Richter, Willis & Keeble, Jerry Willis,* for appellant. *Loeb C. Ketzky, Solicitor, H. J. Thomas,* for appellee.