### 61593. MATTHEWS v. THE STATE.

POPE, Judge.

Defendant was indicted and convicted of the offense of burglary. The defendant represented himself during the jury trial as he requested, but a court appointed counsel was provided to answer any questions the defendant might have during the trial. Counsel filed a timely motion for new trial which was denied. Counsel was also appointed to pursue the appeal of this case. After an appeal was filed, the defendant's counsel filed a motion to withdraw from the case which was granted by this court pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1966) and *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) (1976). Subsequently the defendant filed a " 'Motion to Vacate Sentence' In Support of Enumerations of Errors" which will be considered as appellant's brief on the merits of the appeal even though no enumerations of error as such have been filed.

1. We do not agree that the court's instruction to the jury, that if it had no reasonable doubt as to the defendant's guilt "then you should convict," violated the defendant's constitutional rights to a fair trial and due process. Nor did the charge given amount to an expression of opinion that the defendant should be convicted or an

instruction to the jury that it could not vote to acquit despite having no reasonable doubt as to the guilt of the accused. "It was a fair and full charge covering the issues to be resolved by the jury and making it quite clear the burden was upon the state to prove appellant's guilt beyond a reasonable doubt." *Spencer v. State,* 231 Ga. 705, 707 (203 SE2d 856) (1974). Absent objection or written request for a more specific instruction, the charge as given was adequate and correct. Accord, *Griffis v. State,* 242 Ga. 26 (2e) (247 SE2d 833) (1978); *Kelly v. State,* 149 Ga. App. 76 (3) (253 SE2d 419) (1979).

2. The court's definition of burglary for the jury was correct, adjusted to the facts, and was not incomplete or misleading. *Hibbert v. State,* 146 Ga. App. 887 (2) (247 SE2d 554) (1978).

3. Testimony of one of the arresting officers and evidence found at the site of the burglary were not inadmissible because they were "prejudicial" to the defendant. *Rutland v. State,* 158 Ga. App. 315 (2) (279 SE2d 757) (1981).

4. Appellant's argument, that the trial court should have impeached the testimony of the owner of the store burglarized as to where he found a bag used to carry out stolen merchandise because it differed with testimony of a police officer, presents no justiciable issue.

5. Appellant has not met his burden of showing that the police chief's testimony concerning photographs taken at the scene of the crime was perjured or that it was knowingly and intentionally used by the state to obtain a conviction. Accord, *Ross v. Hopper,* 240 Ga. 369 (1) (240 SE2d 850) (1977). Nor were these photographs immaterial or irrelevant and thus improperly admitted in evidence. Nebulous allegations of denial of due process without a modicum of specificity cannot be sustained. *Harkey v. State,* 159 Ga. App. 112 (5) (1981).

6. The evidence was amply sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 30, 1981 —

Kenneth Matthews, *pro se.*
*H. Reginald Thompson, District Attorney,* for appellee.