S91A1274. STATE HEALTH PLANNING AGENCY v. COASTAL
EMPIRE REHABILITATION HOSPITAL.
S91A1275. MEMORIAL MEDICAL CENTER, INC. v. COASTAL
EMPIRE REHABILITATION HOSPITAL.
(412 SE2d 532)

BENHAM, Justice.

The State Health Planning Agency (SHPA) received appellee's request for a certificate of need to build a 49-bed rehabilitation hospital in Savannah, and appellant Memorial Medical Center's application to expand its in-patient rehabilitation program by 15 beds and to build an out-patient rehabilitation center. When SHPA granted Memorial's application and denied that of appellee, appellee appealed the decisions to the State Health Planning Review Board. There, appellee presented evidence challenging the constitutionality of portions of SHPA's 1985 Comprehensive Inpatient Physical Rehabilitation Component Plan. The Review Board affirmed the decision of SHPA, and did not address the constitutional challenge raised by appellee.[1] Following the adverse decision, appellee filed an appeal of the administrative decision in superior court and sought a declaratory judgment as to the validity of the contested portions of the agency component plan used to evaluate appellee's application for a certificate of need. The trial court granted appellee's petition for declaratory judgment and denied appellants' motion to dismiss the petition. We granted appellants' applications for interlocutory review of the trial court's decision.

Judicial review of an administrative decision, confined to the administrative record, is provided by the Administrative Procedure Act. OCGA § 50-13-19. The APA also provides that an action for declaratory judgment seeking determination of the validity of an administrative rule may be filed and tried in superior court. OCGA § 50-13-10; § 9-4-1 et seq. The question presented herein is whether both actions may occur simultaneously.

A superior court reviewing the decision of an administrative agency may decide a constitutional challenge to the agency's rules raised during the administrative process. OCGA § 50-13-19 (h). See also *George v. DNR*, 250 Ga. 491, 492 (299 SE2d 556) (1983). The purpose of a declaratory judgment action is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. . . ." OCGA § 9-4-1.

[A]n action for declaratory judgment will not be entertained

---

[1] "[R]esolution of the constitutional question must await judicial review on appeal." *George v. DNR*, 250 Ga. 491, 492 (299 SE2d 556) (1983), quoting *Flint River Mills v. Henry*, 234 Ga. 385, 386 (216 SE2d 895) (1975).

where the rights of the parties have already accrued and the plaintiff faces no risk of taking future undirected action. [Cits.] [*George v. DNR*, supra at 492.]

A superior court may not entertain a declaratory judgment action while an administrative action is in progress since the rights of the parties have accrued and are in the process of adjudication, and the declaratory judgment would be, in effect, an advisory opinion. Id. See also *Ledford v. DOT*, 253 Ga. 717 (324 SE2d 470) (1985) (where this court stated that Georgia courts will not grant declaratory relief concerning a constitutional question which could be raised on appeal from the administrative decision). The same rationale is applicable where the final administrative decision is undergoing judicial review pursuant to OCGA § 50-13-19: the rights of the parties have accrued and are in the process of adjudication. Therefore, an action for declaratory judgment challenging the validity of an agency rule has no place once judicial review of an administrative decision is sought. The trial court erred when it granted appellee's petition for declaratory judgment and denied appellants' motions to dismiss that petition.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Fletcher, JJ., concur.*

DECIDED FEBRUARY 4, 1992.

*Michael J. Bowers, Attorney General, Michael E. Hobbs, Stephanie B. Manis, Deputy Attorneys General, Dennis R. Dunn, Assistant Attorney General,* for appellant (case no. S91A1274).

*Powell, Goldstein, Frazer & Murphy, James C. Rawls, Adrienne E. Marting,* for appellant (case no. S91A1275).

*Glass, McCullough, Sherrill & Harrold, John A. Sherrill, Debra L. Britt, L. James Weil, Jr.,* for appellee.