S94A0622, S94A0628. DeKALB COUNTY et al. v. PUBLIX SUPER MARKETS, INC. et al. (two cases).
S94A0627, S94A0630. SCHNEIDER et al. v. PUBLIX SUPER MARKETS, INC. et al. (two cases).
(452 SE2d 471)

THOMPSON, Justice.

Appellees Emory University (Emory) and Publix Super Markets,

Inc. (Publix), sought mandamus and other relief[1] against appellants DeKalb County, members of the DeKalb County Board of Commissioners, DeKalb County Planning Commission and DeKalb County Development Department, following the disapproval of a preliminary subdivision plat and application for a development permit for construction of a commercial shopping center. These consolidated appeals are before the Court from the grant of the petition for mandamus and from the denial of appellants' motions for new trial.[2] We reverse.

Emory is the owner of approximately 15 acres of land located in the northwest quadrant of the intersection of Chamblee-Dunwoody Road and Ashford Center Parkway in DeKalb County, Georgia. The property is part of a larger tract which was zoned in 1984. As a result of the 1984 zoning, four of the fifteen acres were placed in the Local-Commercial (C-1) zoning classification, and the remaining eleven acres were placed in the Office-Institutional (O-I) classification. The property is also subject to a series of restrictive conditions imposed by the DeKalb County Board of Commissioners in connection with the 1984 zoning.

In 1992, Publix, acting under a contract to purchase the property from Emory, filed an application to amend the land use plan as it affected the 11 acres designated in the O-I classification, and an application to rezone the entire parcel to the C-1 classification, for construction of a food store and parking lot.[3] After a public hearing, the land use application was denied, and appellees were permitted to withdraw the zoning application without prejudice.

In March 1993, Publix submitted a preliminary plat and development permit application to the various county departments for processing in accordance with Section 14-97 of the Code of DeKalb County[4] and the Interim Rules of Procedure for Review and Approval of DeKalb County Subdivision Plats.[5] The preliminary plat proposed to subdivide the property into four parcels, with the four-acre C-1

---

[1] Appellees also sought injunctive and declaratory relief, as well as damages and costs of litigation under 42 USC § 1988.

[2] We granted the county's and planning commission's application for discretionary appeal because zoning cases must come before this Court by way of application. See *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994); *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425 (383 SE2d 123) (1989).

[3] The zoning ordinance prohibits use of property in the O-I zoning classification for a commercial shopping center.

[4] Section 14-97 requires that the preliminary plat "be processed through the various county departments by the public works department for tentative approval. . . . [It is then submitted] to the planning commission for tentative approval or disapproval."

[5] These interim rules were adopted effective April 5, 1993 to supplement the procedures for approval of subdivision plats as set forth in Sections 14-76, 14-97 through 101 and 14-121 through 126 of the Land Development Code of DeKalb County.

portion (parcel one) being designated for commercial use as a food store, and six adjoining acres of the O-I portion (parcel two) designated as accessory automobile parking to service the commercial portion.[6] Tentative approval was obtained from the various county departments by the public works department and the plat was forwarded to the DeKalb County Planning Commission. After a public hearing, the planning commission disapproved the preliminary plat on grounds that its intended use did not comply with Section 14-106 of the Code of DeKalb County, which requires that: "Proposed land development under this article shall comply with all requirements as stipulated in the county Zoning Ordinance."[7]

Appellees responded by filing a petition for mandamus,[8] asserting that all applicable requirements under the zoning ordinance had been satisfied and that there is a clear legal right to approval. The superior court agreed and ordered appellants to approve the preliminary plat.

1. "Mandamus will issue against a public officer under two circumstances: (1) when a petitioner has a clear legal right to the relief sought, and (2) when there has been a gross abuse of discretion." *Carnes v. Charlock Investments*, 258 Ga. 771, 772 (373 SE2d 742) (1988). The superior court determined that appellees are entitled to approval of their preliminary plat as a matter of law. However, we conclude there was no clear legal right to approval because the preliminary plat contravenes the DeKalb County Zoning Ordinance and the 1984 rezoning conditions in several respects.

2. First, the plat shows a proposed curb cut from Chamblee-Dunwoody Road into the area zoned O-I. This curb cut is prohibited by conditions of the 1984 rezoning which require that all access into the O-I tract shall be via an interior road system, and that direct access to the development from Chamblee-Dunwoody Road must be into the "commercial area."[9] Thus, to the extent that the preliminary plat

---

[6] The remaining two parcels were reserved for future use.

[7] See also Section 5.2 of the Interim Rules.

[8] Although the Interim Rules specify continuing administrative procedures to be followed upon approval or conditional approval of a preliminary plat, neither the Interim Rules nor Division 2 of the Land Development Code (pertaining to "plat approval procedure") specifies further administrative procedures upon denial of a *preliminary* plat. The Code does, however, address the course to be followed upon disapproval of a *final* plat. It allows the developer to make necessary revisions and, if approval is not obtained from the public works department, it provides for an appeal to the planning commission. Code of DeKalb County, Section 14-146 (a) through (g).

[9] The relevant 1984 zoning conditions are as follows:

(6) There shall be only one point of access to the development from Chamblee-Dunwoody Road, said point of access shall be aligned in such a way as to give direct access to the commercial area. . . .

(16) All access to the . . . O-I tract shall be via the interior road system only.

(17) The access to the . . . O-I tract shall be limited to two points on Ashford-Dunwoody Road and one on Chamblee-Dunwoody Road. These points of ac-

provides for access to the development directly into the O-I district from Chamblee-Dunwoody Road, it is contrary to the restrictive conditions imposed in the 1984 zoning.[10]

3. Second, the zoning ordinance is incompatible with appellees' proposal of "cross-district" parking, i.e., placing accessory parking for a C-1 use in an O-I zoning district. Section 27-587, a general provision of the Zoning Ordinance applicable to all districts, requires that any "accessory structure be located on the same lot as the principal building to which it is accessory."[11] Section 27-671 (d) (1), a general provision pertaining to traffic and parking requirements, requires that all parking facilities be located "on the same plot with the use it serves, except as otherwise provided in this chapter."

Appellees alternatively assert they are entitled as a matter of right to approval of their proposed parking scheme under Section 27-671 (d) (2).[12] Assuming arguendo that this provision provides a mechanism for obtaining approval of a plan proposing parking for a C-1 use in an O-I district, appellees have not demonstrated on the record before this Court that they have satisfied the requirements of subsection (d) (2).[13] Nor did the superior court rely on this provision in granting mandamus relief.

The superior court concluded that "cross-district" parking is not prohibited by the DeKalb County Zoning Ordinance, citing Section 27-382 (3) (a) and (18).[14] Appellants contend that these provisions

---

cess shall be by means of two public roads developed to county standards and approved by the roads and drainage director for road construction.

[10] Ashford Center Parkway is an interior road constructed pursuant to the 1984 zoning conditions.

[11] See Art. V, Div. 2 of the Zoning Ordinance, which contains "Standards for Permitted Uses."

[12] Subsection (d) (2) provides:

Where provision of the required parking spaces involves one (1) or more parcels or tracts of land that are not a part of the lot on which the principal use is located, the developer shall submit, with the application for a development permit, an instrument which subjects the parcels or tracts to parking uses for the principal use it serves. The developer shall pay the necessary fee, and upon the issuance of a development permit, the county shall have the instrument registered in the office of the clerk of the superior court.

[13] Appellees place great emphasis on evidence before the trial court of examples of cross-district parking which the county permitted on other occasions. Appellants assert that such evidence was not presented at the administrative level and thus was improperly considered by the court. We need not reach that question because we find the evidence irrelevant to the inquiry before this Court, which is whether appellees in this case have a clear legal right to approval of the preliminary plat under the zoning ordinance and restrictive conditions applicable to the property.

[14] These subsections are contained within Division 13 of the District Regulations of the DeKalb County Zoning Ordinance, which is applicable only to the O-I district, Section 27-381. Section 27-382 establishes "permitted uses" in the O-I district; Subsection (3) provides: "Automotive, boat and trailer, sales and service: (a) Automobile parking lot or parking garage, commercial." Subsection (18) provides: "Transportation and storage: (a) Automobile parking."

specify permitted uses solely for O-I zoning districts, and have no application to a principal C-1 (commercial) use such as the Publix food store; that parking as an accessory use for C-1 districts is provided in Section 27-457 (21);[15] and, that absent a variance or other exception by the Board of Commissioners, accessory parking for a C-1 use must be located in a C-1 zoning district. We agree with this interpretation. Although a commercial parking lot or garage is permitted as a principal use in the O-I district under Section 27-382 (3) (a) and (18), these provisions do not pertain to parking as an accessory use to another district. There is no entitlement as a matter of law to approval of a plat proposing parking for a C-1 use in an adjacent O-I district.

Appellees failed to demonstrate a clear legal right to mandamus relief.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 21, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994.

*Robert H. Walling,* for DeKalb County.
*Peterson, Dillard, Young, Self & Asselin, G. Douglas Dillard, George P. Dillard, Thomas O. Marshall, Dick Wilson, Jr., William W. Galloway,* for Publix.
*Jenkins & Eells, Frank E. Jenkins III,* for Schneider.

---

[15] Subsection (21), applicable to the C-1 zoning district, provides for, "Transportation and storage: (a) Automobile parking."