## S94A1230. MILLER v. GEORGIA DEPARTMENT OF PUBLIC SAFETY.
(453 SE2d 725)

SEARS, Justice.

The appellee, Georgia Department of Public Safety (DPS), has filed a motion to dismiss this direct appeal on the ground that the appellant, Walker Miller, was required to file an application to appeal under OCGA § 5-6-35 (a). We agree with the DPS, and dismiss the appeal.

was docketed June 23, 1994, and was orally argued October 11, 1994.

After Miller was arrested for driving under the influence of alcohol, he refused to submit to a state-administered test to determine if he was under the influence of alcohol. His driver's license was subsequently suspended for one year pursuant to the administrative procedures established by OCGA § 40-5-67.1. Following his administrative hearing under § 40-5-67.1 (g), Miller filed one complaint in superior court that contained both an appeal of the DPS decision, pursuant to § 40-5-67.1 (h), and a request for declaratory judgment under OCGA § 50-13-10.[1] The thrust of Miller's contentions in the administrative appeal and the declaratory judgment action was that both § 40-5-67.1 (f) (1)[2] and a DPS rule enacted pursuant to it were unconstitutional.[3] As a result of the alleged unconstitutionality of the statute and rule, Miller sought to have the administrative suspension of his driver's license set aside. The trial court dismissed the declaratory judgment action and, in the administrative appeal, ruled that § 40-5-67.1 (f) (1) was constitutional and affirmed the suspension of Miller's license.

Miller then filed this direct appeal here. The DPS has filed a motion to dismiss, contending that Miller's appeal is an appeal from a superior court review of an agency's decision and must proceed by application for discretionary appeal under OCGA § 5-6-35 (a) (1).[4] Miller, however, responds that the declaratory judgment action attacking the validity of the DPS rule gives him a right of direct appeal. For the reasons that follow, we grant the motion to dismiss.

The specific issue of appellate procedure raised by this appeal was foreshadowed in *Roy E. Davis & Co. v. Dept. of Revenue*, 256 Ga. 709, 711-712 (353 SE2d 195) (1987). In that case, following an agency decision, the appellant filed both an administrative appeal in superior court under OCGA § 50-13-19 and a declaratory judgment action under § 50-13-10 attacking the validity of an agency form. The superior court granted summary judgment to the Department of Revenue, and the appellant filed a direct appeal in this Court. We dismissed, holding that the agency form was not an agency rule within the meaning of § 50-13-10, that the appellant therefore did not have the right to file a claim for declaratory judgment, and that the declaratory judgment action thus did not provide a basis for the appellant to file

---

[1] OCGA § 50-13-10 permits an action for declaratory judgment in accordance with OCGA Title 9, Ch. 4, to challenge the "validity of any rule . . . when it is alleged that the rule or its threatened application interferes with or impairs the legal rights of the petitioner."

[2] Under OCGA § 40-5-67.1 (f) (1), at the time a person refuses to submit to a test to determine if he or she is under the influence of drugs or alcohol, the officer is required to serve a notice of the DPS's intention to suspend the license of the person.

[3] The DPS rule in question tracks the language of § 40-5-67.1 (f).

[4] OCGA § 5-6-35 (a) (1) provides that "[a]ppeals from decisions of the superior courts reviewing decisions of . . . state . . . administrative agencies" must proceed under the applications procedures of § 5-6-35.

a direct appeal. *Roy E. Davis & Co.*, 256 Ga. at 711-712. We left open

> the question whether a direct appeal from a ruling on a § 50-13-10 claim for a declaratory judgment can under some circumstances be characterized, for the purposes of § 5-6-35, as essentially an appeal from an agency decision.

*Roy E. Davis & Co.*, 256 Ga. at 711, n. 1.

Although it is likely that the present appeal could be dismissed under the rationale of *Roy E. Davis & Co.*,[5] we find that this is an appropriate case in which to address the issue left undecided in *Roy E. Davis & Co.* Accordingly, we will analyze whether Miller's appeal on his declaratory judgment claim should be characterized as an appeal from an agency decision, thus requiring it to proceed pursuant to the provisions of § 5-6-35.

This determination will be controlled by the nature of the underlying subject matter of the appeal, for we have held that, if "the discretionary application statute . . . covers the underlying subject matter of the appeal . . . the party must file an application for appeal as provided under OCGA § 5-6-35." *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994). Accord *Self v. Bayneum*, 265 Ga. 14 (453 SE2d 27) (1995).

An examination of the rationale of *Rebich* and *Self* leads to the conclusions that the underlying subject matter of Miller's appeal of the declaratory judgment action is the administrative agency decision to suspend his license. In *Rebich*, Rebich's driver's license was suspended following his arrest for driving under the influence. After his request for an administrative hearing was denied as untimely, Rebich filed a suit in superior court seeking "judicial review, injunctive relief, and a writ of mandamus." *Rebich*, 264 Ga. at 468. The trial court dismissed Rebich's action and Rebich filed a direct appeal on the

---

[5] In this regard, Miller did not have the right to file a declaratory judgment action, as his administrative proceeding had been completed and the appeal of the administrative decision was in progress. See *State Health Planning Agency v. Coastal Empire Rehabilitation Clinic*, 261 Ga. 832, 833 (412 SE2d 532) (1992); *George v. Dept. of Natural Resources*, 250 Ga. 491, 492 (299 SE2d 556) (1983) (while an administrative action is in progress, a superior court may not entertain a declaratory judgment action attacking the constitutionality either of a statute on which an administrative rule is based or of the administrative rule itself, as a superior court reviewing the decision of the administrative agency can decide the constitutional challenges, and the existence of the administrative action means "the rights of the parties have accrued and are in the process of adjudication, and the declaratory judgment action would be, in effect, an advisory opinion," *State Health Planning Agency*, 261 Ga. at 833. Accord *George*, 250 Ga. at 492). See also *George*, 250 Ga. at 493; *Ledford v. Dept. of Transp.*, 253 Ga. 717 (324 SE2d 470) (1985) (holding that a declaratory judgment action under § 50-13-10 is unavailable when the plaintiff contends that a statute pursuant to which an agency rule was promulgated is unconstitutional and hence that the agency rule is unconstitutional).

ground that the refusal to grant mandamus entitled him to do so under OCGA § 5-6-34 (a) (6). We disagreed, concluding that the underlying subject matter of Rebich's appeal was the DPS's decisions to suspend his license and to deny him a hearing on the suspension. We therefore dismissed Rebich's appeal.

In *Self*, Self filed a writ of prohibition against a superior court judge and a magistrate judge, contending that the superior court judge had no authority to appoint the magistrate to rule on motions in Self's divorce action and that the magistrate had no authority to rule on those motions. Self "sought a ruling that the orders entered by [the magistrate] . . . were null and void." The trial court denied Self's petition for writ of prohibition, and Self filed a direct appeal pursuant to § 5-6-34 (a) (6). As Self's objective was to obtain relief from the orders entered in the divorce action, we concluded that the underlying subject matter of the appeal was divorce and that Self did not have a right of direct appeal because he attacked those orders pursuant to a writ of prohibition. *Self* at p. 14.

Similarly, since Miller was using the declaratory judgment action as a method for attacking the decision of the DPS to suspend his license, the underlying subject matter of the action was the administrative decision, and Miller's appeal must be characterized as an appeal from a decision of the superior court reviewing a decision of an administrative agency. Miller was therefore required to follow the application procedures of § 5-6-35. As he did not do so, his appeal must be dismissed.

*Appeal dismissed. All the Justices concur.*

DECIDED FEBRUARY 27, 1995.

*Van C. Wilks*, for appellant.
*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, J. Philip Ferrero, Assistant Attorney General*, for appellee.