S00A1683. SPRAYBERRY et al. v. DOUGHERTY COUNTY et al.
(543 SE2d 29)

CARLEY, Justice.

Margaret Sprayberry and Velinda Hobbs (Appellants) filed a mandamus action, seeking to compel the Board of Commissioners of Dougherty County (Board) to rescind the rezoning of neighboring property. After conducting an unreported bench trial, the trial court denied mandamus and entered judgment for the Board. Appellants appeal directly from the order of the trial court.

1. Although the Board does not contest Appellants' right to bring a direct appeal, this Court has the duty to determine its jurisdiction

over any case brought before it. *Fullwood v. Sivley*, 271 Ga. 248, 249 (517 SE2d 511) (1999). *O S Advertising Co. v. Rubin*, 267 Ga. 723, 724 (1) (482 SE2d 295) (1997) recognized a "bright-line rule" whereby, "[i]f the underlying subject-matter is zoning, an application for a discretionary appeal must be filed." However, we also noted that this rule applies only if the appeal is from an order reviewing the zoning decision of an administrative agency. "Where a zoning case does not involve superior court review of an administrative decision, the trial court's order does not come within the purview of OCGA § 5-6-35 (a) (1) and no application for appeal need be filed. [Cit.]" *King v. City of Bainbridge*, 272 Ga. 427, 428 (1) (531 SE2d 350) (2000). Bright-line rules are favored, but "we cannot consider the applicability of the application requirement in zoning cases apart from its statutory basis." *Harrell v. Little Pup Dev. & Constr.*, 269 Ga. 143, 144 (1) (498 SE2d 251) (1998). Appellants did not file an appeal to the superior court seeking review of the Board's administrative decision to rezone the adjoining property. Instead, they brought a mandamus action directly against the Board, attacking the validity of the rezoning and seeking to prevent enforcement thereof. "Because the order appealed from in this case does not involve the review of the decision of a local administrative agency, we find the order is directly appealable under OCGA § 5-6-34 (a) ([6])." *King v. City of Bainbridge*, supra at 428 (1).

2. The property was rezoned from single family residential to agricultural, subject to certain conditions on the owner's operation of a hay barn on the premises. According to Appellants, this rezoning is, in effect, an illegal variance which permits an unauthorized commercial use on property within the agricultural classification.

The trial court's order states that it is based upon a consideration of "all evidence," which includes testimony as well as documentary evidence. In accordance with the presumption in favor of the regularity of court proceedings, we must assume that, in the absence of a transcript, the trial court's findings are supported by sufficient competent evidence. *Kirkendall v. Decker*, 271 Ga. 189, 191 (516 SE2d 73) (1999). Thus, we also must assume that, based upon the evidence heard, the trial court was authorized to find that the rezoning was not improper. Where, as here, there is no transcript, we will conclude that "the evidence supported the trial court's findings of fact which in turn support the judgment." *Redding v. Raines*, 239 Ga. 865 (1) (239 SE2d 32) (1977).

*Judgment affirmed. All the Justices concur, except Hines, J., who dissents.*

HINES, Justice, dissenting.

I respectfully dissent, because I believe that this case should be

dismissed.

This is a direct appeal from the denial of a petition for a writ of mandamus in a zoning case. Plaintiffs contend that the Dougherty County Board of Commissioners acted in violation of the county zoning ordinance when it rezoned a parcel of land from R-1B to AG, but allowed commercial activity to continue on the parcel. Plaintiffs filed a petition for a writ of mandamus naming the County and the Board of Commissioners as defendants, and demanding that the ordinance be enforced. The superior court denied the petition and the plaintiffs appealed to the Court of Appeals which, noting that the matter involved mandamus, properly ordered the case transferred to this Court. However, this case is a zoning dispute; thus, it must come to the appellate court by way of discretionary appeal. OCGA § 5-6-35.

OCGA § 5-6-35 (a) (1) states that appeals from "decisions of the superior courts reviewing decisions of . . . state and local administrative agencies" must come by way of the discretionary appeal procedures set forth in OCGA § 5-6-35. In this case, the superior court did not serve as a reviewing court of an administrative agency; the plaintiffs sought their relief initially in superior court. However, it has long been this Court's precedent that it is the underlying subject matter that controls in cases falling under OCGA § 5-6-35 (a) (1), "[o]therwise, any party could avoid the discretionary review procedure by seeking relief, however inappropriate, that would trigger the right to a direct appeal." *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994). As one purpose of enacting OCGA § 5-6-35 was "to assist in reducing the massive caseload of the appellate courts," id. at 468, failing to look to the underlying subject matter of the appeal would frustrate the very purpose of the discretionary appeal statute. Thus, "when the 'underlying subject matter'" falls under OCGA § 5-6-35 (a), "the discretionary application procedure must be followed, even when the party is appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5-6-34 (a)." *Rebich*, supra at 468. This is such a situation; the underlying subject matter is zoning, a matter properly brought through superior court review of administrative decisions.

> While a judgment or an order denying an application for injunctive relief, mandamus or other extraordinary remedy is a judgment or order subject to direct appellate review (OCGA § 5-6-34 (a) (4) and (a) (5)), it is subject to the discretionary application procedure if the underlying subject matter of the appeal is one contained in OCGA § 5-6-35.

*Prison Health Svcs. v. Ga. Dept. of Admin. Svcs.*, 265 Ga. 810, 811 (1) (462 SE2d 601) (1995). The fact that a separate suit for a writ of

mandamus has been filed is of no effect. The underlying subject matter controls, even when the plaintiff seeks to use declaratory judgment or mandamus procedures "as a method for attacking the decision" of the administrative agency. *Miller v. Ga. Dept. of Public Safety*, 265 Ga. 62, 65 (453 SE2d 725) (1995). Failure to follow the discretionary procedures when required deprives the appellate courts of jurisdiction and requires the dismissal of the appeal. *Rebich*, supra at 469.

This Court has applied the "underlying subject matter" principle to avoid frustrating OCGA § 5-6-35 particularly in zoning cases; this Court stated over ten years ago that "*all* zoning cases appealed" to the appellate courts must come by application. (Emphasis supplied.) *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425, 426 (1) (383 SE2d 123) (1989). In fact, this Court has affirmed that *Trend* "established a bright-line rule for both litigants and the appellate courts. If the underlying subject-matter is zoning, an application for discretionary appeal must be filed." *O S Advertising Co. v. Rubin*, 267 Ga. 723, 724 (1) (482 SE2d 295) (1997). This bright-line rule eliminates any confusion as to the lower court's role in the proceeding, and makes clear to litigants the appellate procedure to be used in *every* zoning case. Contrary to the statement in the majority opinion, in establishing this bright-line, this Court *did not* state that the bright-line rule would apply only if the appeal was from an order reviewing the zoning decision of an administrative agency. Rather, *O S Advertising* specifically noted that a major purpose of the rule is to prevent the parties, and this Court, from being required to determine whether a superior court was acting as a "trial court" or as a "reviewing court" in each zoning case. Id. at 725 (2). The rule as established was clearly meant to apply to all zoning cases, and the majority opinion returns parties and this Court to the difficult and frustrating position of determining the superior court's role in each zoning case.

As this Court has stated, "[a] party should review the discretionary application statute to see if it covers the underlying subject matter of the appeal. If it does, then the party must file an application for appeal as provided under OCGA § 5-6-35." *Rebich*, supra at 469. See also *Prison Health Svcs.*, supra at 811 (1). When, as here, that underlying subject matter is zoning, an application is required, even when a zoning decision is attacked by a petition for a writ of mandamus. *DeKalb County v. Publix Super Markets*, 264 Ga. 739, 740, n. 2 (452 SE2d 471) (1994). See also *Alexander v. DeKalb County*, 264 Ga. 362, n. 4 (444 SE2d 743) (1994) (application required to obtain review of denial of motion for contempt filed in a zoning case).

For the purpose of jurisdiction, there is no distinction between this case and *DeKalb County v. Druid Hills Civic Assn.*, 269 Ga. 619 (502 SE2d 719) (1998). As in that case, here plaintiffs who are dissat-

isfied with the lack of certain action by the county Board of Commissioners have sought a writ of mandamus to compel such action; that is the method by which they have chosen to attack the alleged decision not to enforce the ordinance. See *Miller,* supra. As this Court stated in *Druid Hills,* "the parties involved in the zoning matter filed applications for discretionary appeal to this Court *as is required in all zoning matters.*" (Emphasis supplied.) *Druid Hills,* supra. This case, like *Druid Hills,* is a "zoning matter" requiring the plaintiffs to file an application for discretionary appeal to seek review of the superior court's decision.

In the recent case of *King v. City of Bainbridge,* 272 Ga. 427, 428 (1) (531 SE2d 350) (2000), the appeal was taken directly from an injunction to enforce the zoning ordinance. Discussing jurisdiction, this Court stated that "[w]here a zoning case does not involve superior court review of an administrative decision, the trial court's order does not come within the purview of OCGA § 5-6-35 (a) (1) and no application for appeal need be filed," relying on *Harrell v. Little Pup Dev. & Constr.,* 269 Ga. 143, 144 (1) (498 SE2d 251) (1998). But *King* and *Harrell* were wrongly decided and are contrary to this Court's precedent. Neither case is reconcilable with *Trend, Rebich, O S Advertising, Druid Hills Civic Assn.,* or any other of the long-standing opinions of this Court that have set out and applied this Court's bright-line rule concerning appeals in zoning cases. The incorrect departure from precedent in *King* and *Harrell* can be seen in the reaffirmation of that very precedent in *Dunlap v. City of Atlanta,* 272 Ga. 523 (531 SE2d 702) (2000), decided the same day as *King.* In that case, this Court properly followed precedent and dismissed a direct appeal filed from a ruling in a declaratory judgment action filed in a pension dispute, because the underlying issue was the City's administrative decision concerning Dunlap's benefits.

There is no justification for departing from this Court's precedent. The incorrectness of abandoning the bright-line rule is obvious; under the majority's decision, parties will not pursue resolution of administrative disputes in the proper administrative forums, but will file "original" actions such as petitions for writs of mandamus and declaratory judgments challenging the constitutionality of ordinances, thus improperly securing a right of direct appeal to this Court, rather than having superior courts serve as courts of review of the administrative decisions, with appeal by the discretionary procedures of OCGA § 5-6-35. This is contrary to precedent and contrary to the public policy of this State as expressed in OCGA § 5-6-35 (a) (1). Accordingly, *King* and *Harrell* were wrongly decided and should be overruled, and the proper course is to dismiss this direct appeal.

DECIDED MARCH 2, 2001.

*Collier & Gamble, Wilbur T. Gamble III*, for appellants.
*William S. Lee IV*, for appellees.