307 Ga. 578
FINAL COPY

S19G1007.  COBB HOSPITAL, INC. et al. v. DEPARTMENT OF
COMMUNITY HEALTH et al.

PER CURIAM.

In Division 2 of its opinion in this case, the Court of Appeals erred by holding that the constitutional due process claim enumerated by petitioners Cobb Hospital, Inc. and Kennestone Hospital, Inc. (collectively, "Wellstar"), was not preserved for appellate review because it was not ruled on during the administrative proceeding that led to the filing of this case in the trial court. See *Cobb Hosp. v. Dept. of Community Health*, 349 Ga. App. 452, 465 (825 SE2d 886) (2019). We grant Wellstar's petition for a writ of certiorari to address that issue, reverse that division of the Court of Appeals's opinion, and remand for that court to reconsider Wellstar's constitutional claim.[1]

---

[1] Our rules contemplate that we may grant a petition for certiorari and dispose of the case summarily, without full briefing and oral argument. See Supreme Court Rule 50 (2); *Scott v. State*, 306 Ga. 507, 508 n.1 (832 SE2d 426)

1. This case involves Wellstar's challenge to the decision by the Georgia Department of Community Health ("DCH") to grant Emory University Hospital Smyrna ("Emory") a new certificate of need ("CON") to renovate a hospital that Emory had recently acquired. After DCH made an initial decision granting the CON, Wellstar appealed to the CON Appeal Panel. The panel's hearing officer affirmed the decision, ruling that as a matter of law he could not consider Wellstar's arguments regarding the validity of Emory's existing CON, and that he would not allow Wellstar to present evidence related to those arguments. Wellstar then appealed the hearing officer's decision to the DCH Commissioner, allegedly arguing among other things that the decision violated Wellstar's constitutional right to due process. The Commissioner affirmed the hearing officer's decision without ruling on the constitutional claim.

Wellstar then filed a petition for judicial review in the Cobb

---

(2019). We elect to do so here because the issue we resolve would not benefit from further briefing and argument. We have determined that the other issues Wellstar raises in its petition do not warrant further review, so our grant of certiorari and our remand to the Court of Appeals are limited to the constitutional claim.

County Superior Court ("trial court"). In its petition, Wellstar raised its constitutional claim as its second enumeration of error, arguing that the hearing officer's decision violated Wellstar's right to due process because the decision prevented Wellstar from presenting evidence that Emory's existing CON was invalid. Wellstar claimed that the administrative decision was thus "made upon unlawful procedures." In its order denying Wellstar's petition, the trial court ruled that the DCH decision "does not violate constitutional or statutory provisions . . . [and] was not made upon unlawful procedures," and the court "reject[ed] Wellstar's argument" made in its second enumeration.

Wellstar then filed an application for discretionary appeal in the Court of Appeals, which that court granted. In their briefs in the Court of Appeals, DCH argued that Wellstar did not adequately raise its constitutional claim during the administrative process and Emory addressed Wellstar's due process claim on the merits. Neither DCH nor Emory argued that the CON Appeal Panel's hearing officer or the DCH Commissioner was required to rule on

3

Wellstar's claim to preserve it for appellate review (nor did DCH or Emory argue that the trial court failed to rule on the claim).

In Division 2 of its opinion, the Court of Appeals pretermitted whether Wellstar properly raised its due process claim before the CON Appeal Panel and held that Wellstar had not preserved the claim for appellate review because "a review of the decisions by the panel hearing officer and the DCH commissioner reveals that neither official ruled on that distinct issue." *Cobb Hosp.*, 349 Ga. App. at 465. In support of this holding, the Court of Appeals cited two cases that both hold that appellate courts may decide a constitutional claim only if it was ruled on by the *trial court*. See id. (citing *Singleton v. Dept. of Human Resources*, 263 Ga. App. 653, 654 (588 SE2d 757) (2003), and *John Hardy Group, Inc. v. Cayo Largo Hotel Assoc.*, 286 Ga. App. 588, 589 (649 SE2d 826) (2007)). The Court of Appeals rejected Wellstar's several other claims, and it affirmed the trial court's judgment. See id. at 456-465.

Wellstar petitioned for a writ of certiorari, arguing among other things that the Court of Appeals erred in holding that

4

Wellstar's constitutional claim was not preserved because it was not ruled on during the administrative proceeding. We agree.

2. During an ongoing administrative proceeding, a party generally must raise its constitutional claims in order to exhaust administrative remedies and preserve the claims for judicial review, even though administrative agencies generally have no authority to rule on those claims. See *Ga. Dept. of Human Svcs. v. Addison*, 304 Ga. 425, 431-433 (819 SE2d 20) (2018) ("Although an administrative agency cannot declare laws to be unconstitutional, the agency may take account of constitutional considerations in deciding whether and how to enforce challenged statutes and rules and what the parties' rights are under them, and if the challenger remains aggrieved after the agency renders its final decision, judicial review is then normally available."). See also *State Health Planning Agency v. Coastal Empire Rehab. Hosp.*, 261 Ga. 832, 832 & n.1 (412 SE2d 532) (1992); OCGA § 50-13-19 (a); Ga. Comp. R. & Regs. r. 616-1-2-.22 (3). So long as the party properly raises its constitutional claims during the administrative process, the claims may later be raised in

and reviewed by the trial court. See *Coastal Empire Rehab. Hosp.*, 261 Ga. at 832; OCGA § 50-13-19 (h). To then preserve constitutional claims for review by an appellate court, the party must raise the claims before the trial court and the trial court must distinctly rule on the claims. See *Advanced Disposal Svcs. Middle Ga. v. Deep South Sanitation*, 296 Ga. 103, 108 (765 SE2d 364) (2014); *East Ga. Land and Dev. Co. v. Baker*, 286 Ga. 551, 555-556 (690 SE2d 145) (2010).

In holding that Wellstar's constitutional claim was not preserved for appellate review because it was not *ruled on* during the administrative proceeding, the Court of Appeals appears to have confused the requirement that a constitutional claim be *raised* during the administrative proceeding to preserve it for review by the trial court with the separate requirement that the trial court distinctly rule on the claim to preserve it for review on appeal. Because administrative agencies generally cannot rule on

6

constitutional claims, the Court of Appeals's holding was erroneous.[2]

Accordingly, we grant Wellstar's petition for a writ of certiorari with regard to the constitutional claim preservation issue, reverse Division 2 of the Court of Appeals's opinion, and remand the case for that court to reconsider the constitutional claim, including DCH's argument that Wellstar did not properly raise its constitutional claim during the administrative process. We express no opinion on that argument or the merits of the claim.

*Petition for writ of certiorari granted in part, judgment reversed in part, and case remanded with direction. All the Justices concur, except Warren and Bethel, JJ., not participating, and Ellington, J., disqualified.*

---

[2] Emory argues in its response to Wellstar's petition for certiorari that the Court of Appeals's holding should be characterized as not deciding Wellstar's constitutional claim because the *trial court* did not rule on the claim. But that is not what the Court of Appeals held. Moreover, if that were the holding, it would have been wrong, because the trial court distinctly, albeit summarily, rejected Wellstar's constitutional claim.

7

DECIDED DECEMBER 23, 2019.

Certiorari to the Court of Appeals of Georgia — 349 Ga. App. 452.

*Parker, Hudson, Rainer & Dobbs, Armando L. Basarrate II, David B. Darden, Elizabeth M. Kitchens; Moore, Ingram, Johnson & Steele, Robert D. Ingram, David P. Conley*, for appellants.

*Christopher M. Carr, Attorney General, Isaac Byrd, Deputy Attorney General, Daniel S. Walsh, Senior Assistant Attorney General, Forrest G. Pearce, Assistant Attorney General; Morris, Manning & Martin, Robert C. Threlkeld, Elliott L. Coward; Rachel L. King, Frank Berry, Roxana D. Tatman*, for appellees.