**THIRD DIVISION**
**GOBEIL, J.,**
**COOMER and HODGES , JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 26, 2020**

# In the Court of Appeals of Georgia

A18A2009. COBB HOSPITAL, INC. d/b/a WELLSTAR COBB HOSPITAL et al. v. GEORGIA DEPARTMENT OF COMMUNITY HEALTH et al.

HODGES, Judge.

In the original appearance of this case in this Court, we affirmed the Superior Court of Cobb County's denial of Cobb Hospital, Inc. d/b/a Wellstar Cobb Hospital and Kennestone Hospital, Inc. d/b/a Wellstar Kennestone Hospital's (collectively, "Wellstar") petition for judicial review of a decision by the Georgia Department of Community Health ("the DCH") to award a new certificate of need to Emory University d/b/a Emory University Hospital Smyrna ("EUHS"), allowing EUHS to pursue improvements and renovations at the former Emory-Adventist Hospital. *Cobb Hosp. v. Dept. of Community Health*, 349 Ga. App. 452 (825 SE2d 886) (2019). In Division 2 of our opinion, we concluded that Wellstar failed to preserve an argument

that a Certificate of Need Appeal Panel hearing officer's decision was "made upon unlawful procedures" and that the decision violated Wellstar's due process rights under the United States and Georgia constitutions. Id. at 465 (2). The Supreme Court of Georgia granted Wellstar's petition for certiorari in part, reversed Division 2 of our opinion, and remanded the case to this Court for further consideration of Wellstar's constitutional due process claim. *Cobb Hosp. v. Dept. of Community Health*, 307 Ga. 578 (837 SE2d 371) (2019). Although we now conclude that Wellstar preserved its due process argument by raising it in its appeal from the Certificate of Need ("CON") Appeal Panel, we further conclude that the argument is without merit. Thus, we affirm again the superior court's judgment denying Wellstar's petition for judicial review.[1]

In summary,[2] EUHS filed an application with the DCH for a new certificate of need to undertake improvements and renovations totaling approximately $33.8

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of disapproving *Ga. Dept. of Community Health v. Fulton DeKalb Hosp. Auth.*, 294 Ga. App. 431, 436 (1) (669 SE2d 233) (2008).

[2] For a more detailed review of the facts, see *Cobb Hosp.*, 349 Ga. App. at 453-456.

million at the former Emory-Adventist Hospital. Wellstar objected to EUHS's application, arguing that EUHS intended to develop a new hospital rather than reopening and renovating the former Emory-Adventist Hospital. The DCH granted EUHS' application over Wellstar's objection and awarded EUHS a new CON for the proposed improvements and renovations. Wellstar appealed to the CON Appeal Panel (OCGA § 31-6-44), and a panel hearing officer affirmed the DCH's decision. Wellstar objected to the panel hearing officer's judgment and appealed to the DCH commissioner, arguing, in part, that the panel hearing officer erroneously concluded that "[i]t is not the function of the CON Appeal Panel to consider questions of CON and licensure status. . . ." The DCH commissioner affirmed the panel hearing officer's decision, and the superior court denied Wellstar's petition for judicial review.

We affirmed the superior court's judgment. In Division 2 of our opinion, we concluded that Wellstar failed to preserve its argument that the CON Appeal Panel hearing officer's decision was "made upon unlawful procedures" and that the decision violated Wellstar's due process rights under the United States and Georgia constitutions. To that end, we held that

> [p]retermitting whether Wellstar properly raised this issue before the
> CON Appeal Panel, a review of the decisions by the panel hearing

3

officer and the DCH commissioner reveals that neither official ruled on that distinct issue. "Constitutional issues must be raised at the earliest opportunity in the trial court *and ruled upon* to be preserved." (Citations omitted.) *Singleton v. Dept. of Human Resources*, 263 Ga. App. 653, 654 (1) (a) (588 SE2d 757) (2003).

Id. at 465 (2). Wellstar petitioned for certiorari to the Supreme Court of Georgia, which granted Wellstar's petition in part, reversed Division 2 of our opinion, and remanded the case to this Court for further consideration of Wellstar's constitutional claim. See *Cobb Hosp.*, 307 Ga. at 578.[3] Of note, our Supreme Court observed that

> [d]uring an ongoing administrative proceeding, a party generally must raise its constitutional claims in order to exhaust administrative remedies and preserve the claims for judicial review, even though administrative agencies generally have no authority to rule on those claims. So long as the party properly raises its constitutional claims during the administrative process, the claims may later be raised in and reviewed by the trial court. To then preserve constitutional claims for review by an appellate court, the party must raise the claims before the trial court and the trial court must distinctly rule on the claims.

(Citations omitted.) Id. at 579-580 (2).

---

[3] The Supreme Court denied Wellstar's petition for certiorari in all other respects. *Cobb Hosp.*, 307 Ga. at 578, n. 1.

4

In the sole issue now before us on remand, we must decide whether Wellstar properly raised its constitutional due process argument and, if so, whether the hearing officer's decision was "made upon unlawful procedures" or violated Wellstar's due process rights under the United States and Georgia constitutions. Wellstar argues that the CON Appeal Panel hearing officer prevented it from presenting evidence "demonstrating that [EUHS] does not possess [Emory-Adventist's] CON authority to operate a hospital in Smyrna, and . . . that Emory's application proposes to establish a new hospital[,]" for which a more stringent review would be necessary. As a result, Wellstar contends that the hearing officer deprived it "of a meaningful opportunity to be heard in violation of OCGA § 31-6-44.1 (a) (1), (3) and the due process clauses of the Georgia and United States Constitutions." Although we conclude that Wellstar preserved this argument by raising it in its initial administrative appeal to the DCH commissioner, we nevertheless hold that Wellstar's argument is without merit in view of our prior conclusions concerning the limited role of the CON Appeal Panel.

"[A] party aggrieved by a state agency's decision must raise all issues before that agency and exhaust available administrative remedies before seeking any judicial review of the agency's decision." (Citation and punctuation omitted.) *Excelsior Elec.*

*Membership Corp. v. Ga. Public Svc. Comm.*, 322 Ga. App. 687, 692 (3) (745 SE2d 870) (2013). Accordingly, "[t]he scope of judicial review is limited to those objections which were presented to the agency." (Citation and punctuation omitted.) Id.; see also *Dept. of Comm. Health v. Ga. Society of Ambulatory Surgery Centers*, 290 Ga. 628, 629 (724 SE2d 386) (2012) (finding that purpose of exhaustion requirement is that "resort to the administrative process will permit the agency to apply its expertise, protect the agency's autonomy, allow a more efficient resolution, and result in the uniform application of matters within the agency's jurisdiction") (citation omitted). As a result, "[d]uring an ongoing administrative proceeding, a party generally must raise its constitutional claims in order to exhaust administrative remedies and preserve the claims for judicial review, even though administrative agencies generally have no authority to rule on those claims."[4] *Cobb Hosp.*, 307 Ga. at 579-580 (2).

Relevant to this case, following a decision by a CON Appeal Panel hearing officer,

---

[4] Administrative exhaustion would not have been required had Wellstar pursued a facial constitutional attack against any regulatory or statutory provision of the Certificate of Need Act. See *Dept. of Human Service v. Addison*, 304 Ga. 425, 432 (3) (819 SE2d 20) (2018).

6

[a]ny party, including the department, which disputes any finding of fact or conclusion of law rendered by the hearing officer in such hearing officer's decision and which wishes to appeal that decision may appeal to the commissioner and shall file its specific objections with the commissioner or his or her designee within 30 days of the date of the hearing officer's decision pursuant to rules adopted by the department.

OCGA § 31-6-44 (i); see also Ga. Comp. R. & Regs. r. 274-1-.12 (2) (same). To that end,

[a]ny objections filed in accordance with this Rule shall specify *in detail* the errors allegedly committed by the hearing officer in the hearing officer's decision. Failure to specify such alleged errors in detail shall constitute a waiver of all available objections.

(Emphasis supplied.) Ga. Comp. R. & Regs. r. 274-1-.12 (3).

(a) *Preservation of Wellstar's Due Process Argument.* In this case, the CON Appeal Panel hearing officer determined that "[i]t is not the function of the CON Appeal Panel to consider questions of CON and licensure status" and precluded any evidence on such questions. Following the hearing officer's decision affirming the DCH's award of a new CON to EUHS, Wellstar appealed to the DCH commissioner. In its objections to the hearing officer's decision, Wellstar argued that the hearing officer's decision was partially "based on proceedings that excluded one party from

7

presenting evidence" and that "if a hearing is held to reach a conclusion as to an issue, a party to that hearing should not be precluded from presenting the admissible evidence that is most relevant to that issue." In support of this statement, Wellstar included a single citation:

> See *Cousins v. Macedonia Baptist Church of Atlanta*, 283 Ga. 570, 573-74 (2008) (explaining that integral to the constitutional right to due process is "the ability to present witnesses and other lawful evidence").[5]

In view of the foregoing, we conclude that Wellstar's statement in its appeal to the DCH commissioner, while not extensive, was sufficient to preserve its due process argument. See *Dept. of Human Svcs. v. Addison*, 304 Ga. 425, 432 (3) (819 SE2d 20) (2018) (finding that trial court should have dismissed as-applied constitutional challenges for failure to exhaust administrative remedies); *Ambulatory Surgery Centers*, 290 Ga. at 629; *State Health Planning Agency v. Coastal Empire Rehabilitation Hosp.*, 261 Ga. 832 (412 SE2d 532) (1992); *Excelsior*, 322 Ga. App.

---

[5] The DCH commissioner affirmed the panel hearing officer's judgment, but did not address Wellstar's due process argument.

at 692 (3).[6] Moreover, the regulatory and statutory schemes governing certificates of need do not require a different result. OCGA § 31-6-44 (i) merely requires that an aggrieved party file "specific objections" to the hearing officer's order with the DCH commissioner, while Ga. Comp. R. & Regs. r. 274-1-.12 (3) states that any such objections "shall specify *in detail* the errors allegedly committed by the hearing officer. . . ." (Emphasis supplied.) Ga. Comp. R. & Regs. r. 274-1-.12 (3). In the present case, Wellstar specifically cited the hearing officer's refusal to allow evidence concerning EUHS's existing CON status and cited to case law concerning due process rights. Under our law, that was all that was necessary to preserve Wellstar's due process argument in an appeal from an administrative hearing. See *Addison*, 304 Ga. at 432 (3); *Coastal Empire*, 261 Ga. at 832.

---

[6] We caution that our holding should not be read broadly as a blanket statement that cursory statements are sufficient to preserve due process arguments in any context. See generally *Matthews v. State*, 159 Ga. App. 118, 119 (5) (282 SE2d 741) (1981) ("Nebulous allegations of denial of due process without a modicum of specificity cannot be sustained."). Rather, we simply hold that, in an aggrieved party's appeal from a decision by an agency administrative hearing officer to the commissioner of the agency, to the extent such an appellate avenue is available, it is satisfactory to state the existence and nature of a due process argument with sufficient detail to allow the commissioner of the agency to "take account of constitutional considerations in deciding whether and how to enforce challenged statutes and rules and what the parties' rights are under them. . . ." *Addison*, 304 Ga. at 433 (4).

(b) *Merit of Wellstar's Due Process Argument*. However, even though Wellstar preserved its argument, we do not find the argument persuasive.

> In evaluating a procedural due process challenge in a non-criminal proceeding, we engage in a two-step analysis: first, we must determine whether a constitutionally protectable liberty or property interest exists; if so, we determine the nature and extent of the procedural protections required. In determining what process is due, we employ [a] three-factor balancing test . . . to weigh the competing interests involved. Those factors include the private interest affected by the state action; the risk of an erroneous deprivation of the interest under the existing scheme along with the probable value, if any, of additional or substitute procedural safeguards; and finally, the interest of the government.

(Citations and footnote omitted.) *Dept. of Human Svcs. v. Steiner*, 303 Ga. 890, 895 (II) (815 SE2d 883) (2018).

At the outset, Wellstar has not identified "a constitutionally protectable liberty or property interest" to which it is entitled. *Steiner*, 303 Ga. at 895 (II). Presumably, Wellstar claims an unfettered right to introduce evidence before the CON Appeal Panel hearing officer, but its rights under the Certificate of Need Act are not limitless. In the first appearance of this case, we held that "neither OCGA § 31-6-44 nor Ga. Comp. R. & Regs. r. 274-1-.09 provide the CON Appeal Panel with authority to review the existing CON status of a health care facility in an appeal from the DCH's

10

decision on an application for a new certificate of need."[7] *Cobb Hosp.*, 349 Ga. App. at 465 (2). Stated differently, we concluded that the CON Appeal Panel lacked jurisdiction to consider an applicant's existing CON status. Our Supreme Court denied Wellstar's petition as to this portion of our prior opinion. It follows, then, that Wellstar had no protectable interest to introduce irrelevant testimony on a subject over which the CON Appeal Panel had no jurisdiction. See *Steiner*, 303 Ga. at 895 (II). Accordingly, we conclude that Wellstar failed to demonstrate a due process violation and that the superior court did not err in denying Wellstar's petition for judicial review.[8]

(c) *Wellstar's Additional Due Process Arguments*. Finally, on remand, Wellstar contends that the hearing officer violated its due process rights because the officer declined to hear evidence as to Emory's "evasion of the Hospital Acquisition Act" or

---

[7] For a more complete discussion of the hearing officer's decision, see *Cobb Hosp.*, 349 Ga. App. at 454-455.

[8] Read properly, Wellstar's current argument more directly challenges the regulatory and statutory procedures governing the CON Appeal Panel itself, which limit the role of the panel to considering new applications for certificates of need rather than the applicant's existing CON status. That is a separate argument that Wellstar has not pursued previously. To the contrary, Wellstar initially challenged the hearing officer's actions, rather than raising a facial constitutional challenge to Certificate of Need Act itself.

11

evidence challenging Emory's "sterling reputation" and the "belief that Emory would keep its word." These arguments are unrelated to Wellstar's claim that the officer violated its due process rights for precluding evidence as to EUHS's existing CON status. In fact, this argument was not presented in Wellstar's appeal to the DCH commissioner — in any form or in any other filing — and, therefore, has not been preserved. See *Excelsior*, 322 Ga. App. at 692 (3).

Wellstar is not rescued by *Ga. Dept. of Community Health v. Fulton DeKalb Hosp. Auth.*, 294 Ga. App. 431, 436 (1) (669 SE2d 233) (2008). In that case, we noted that the hospital authority challenged a decision by the DCH "on nonconstitutional grounds in the administrative proceeding and on constitutional grounds in court. . . ." Id. We approved such a practice, observing that the authority "challenged retroactive application of [a] manual in the administrative proceeding on grounds within the expertise of the administrative agency and then challenged retroactive application of it on constitutional grounds within the jurisdiction of the court." Id. However, this holding was error. See *Coastal Empire*, 261 Ga. at 832 ("A superior court reviewing the decision of an administrative agency may decide a constitutional challenge to the agency's rules *raised during the administrative process*.") (emphasis supplied). Therefore, we disapprove *Fulton DeKalb Hosp. Auth.* to the extent it may be read to

12

relieve a party from the requirement to "raise its [as-applied] constitutional claims in order to exhaust administrative remedies and preserve the claims for judicial review. . . ."[9] *Cobb Hosp.*, 307 Ga. at 579 (2); see also *Addison*, 304 Ga. at 432 (3); *Coastal Empire*, 261 Ga. at 832; *Excelsior*, 322 Ga. App. at 692 (3).

In sum, we conclude that Wellstar preserved its original due process argument by raising the argument in its appeal from the CON Appeal Panel to the DCH commissioner. Nevertheless, we further conclude that Wellstar's argument is without merit. Finally, we conclude that Wellstar's additional arguments, raised for the first time in its supplemental brief on remand, are not preserved for review. Accordingly, we affirm the superior court's judgment denying Wellstar's petition for judicial review.

*Judgment affirmed. Gobeil and Coomer, JJ., concur.*

---

[9] As noted in footnote 4, supra, there is no concomitant obligation to raise *facial* constitutional challenges before an administrative body. See *Addision*, 304 Ga. at 432 (3) ("There is no exhaustion requirement when the plaintiff challenges the constitutionality of a statute on its face.") (citation and punctuation omitted).

13