ATTAWAY *et al. v.* CARSWELL.

1. On the trial of an application to enter *nunc pro tunc* on the minutes of the court of ordinary, first, an order appointing an administrator, alleged to have been passed at the September term, 1874, and secondly, an order granting leave to sell real estate, alleged

to have been passed at the succeeding October term, a receipt given by the ordinary to the administrator on November 1st, 1874, embracing his fees for passing these orders and for other appropriate services preliminary to such orders, was competent evidence in behalf of the applicant, there being some presumption that the ordinary, as a public officer, actually rendered all the services for which he charged and collected fees in the due course of his official business, and it being his official duty to give a receipt for any fees paid to him by an administrator, and not to recognize any one as an administrator who was not such by due appointment.

2. A receipt to the administrator by the publisher of a newspaper for the payment of a bill for advertising application for leave to sell land, and for advertising the sale, was of doubtful relevancy, but its admission in evidence is not cause for a new trial.

3. The recitals in a deed made by the administrator conveying land sold by him as such, were relevant only as tending to show that in making the sale he did not undertake to act independently of leave from the court of ordinary, but conformed his action to the theory now claimed to be the true one, to wit, that the court had passed an order granting leave to sell. While the recitals would afford no direct evidence of the truth of the facts recited, the making of them would be a circumstance which the jury might take into consideration in connection with the other facts as tending to establish the theory contended for by the applicant.

4. That an order passed by the ordinary was not signed, or that it was irregular, or that some of the legal preliminaries to granting it had been omitted, would be no cause for not entering it on the minutes *nunc pro tunc*, if it was in fact passed, its entry being requisite to make the minutes speak the truth.

5. Oral evidence was admissible, and no caution to the jury touching the danger of trusting to it was essential, there being written evidence strongly corroborating it, and all the evidence of both kinds tending in the same direction.

6. The evidence demanded the verdict, and the judgment denying a new trial was correct. *Judgment affirmed.*
May 25, 1892.

Ordinary. Administrator. Evidence. Practice. Before Judge RONEY. Burke superior court. May term, 1891.

To the November term, 1885, of Burke superior court Attaway *et al.* brought ejectment against Carswell. In 1886 Carswell petitioned the court of ordinary that two orders alleged to have been passed by that court in

1874, but never to have been entered upon its minutes, be entered *nunc pro tunc;* one of the orders being for the appointment of Bell as administrator upon the estate of M. V. Attaway (under whom the plaintiffs in ejectment claimed), and the other being for the sale by the administrator of the premises in dispute. The petition of Carswell alleged that the premises were sold at public outcry by Bell as administrator, under this order, on the first Tuesday in November, 1874, to Wilkins under whom the defendant in ejectment claims. In answer to a rule *nisi* issued by the ordinary, the plaintiffs in ejectment appeared and resisted the application of the defendant, which, after a hearing, was granted. An appeal to the superior court was taken, where, under the evidence and charge of the court, the jury found that said proceedings were had in the court of ordinary and should be entered on its minutes. The plaintiffs in ejectment moved for a new trial; the motion was overruled, and they excepted. Among the grounds of the motion were the following:

Error in admitting, over objection, a receipted bill dated November 1, 1874, in favor of Lawson, ordinary, against Bell, administrator of M. V. Attaway, containing various items of ordinary's costs; also, a bill against Bell, administrator, in favor of the Waynesboro Expositor, for advertising an application for leave to sell land, and an administrator's sale of land on September 10 and October 8, 1874, with an acknowledgment of receipt of payment signed by J. E. Frost.

Error in refusing to charge :

"The applicants have introduced a deed from the person they claim to have been administrator of May V Attaway. They also offer the publication in a newspaper, which is claimed to be the publication on which they say their judgment granting leave to sell said land was founded. They have also certain receipts claimed to

be for money paid by the administrator. I charge you
that the recitals in said deed (if there be such) that the
land was sold by order of the court of ordinary are not
proof of that fact. I charge you further, that though
there was a publication of leave to sell land, that is no
proof of the fact that the leave to sell was granted after-
wards to sell that land.

"To make a valid judgment by the court of ordinary,
such a judgment as will divest the heirs of their inherit-
ance by administrator's sale, the law requires that such
judgment shall be in writing and signed by the judge of
the court of ordinary; and before the jury can find a
verdict allowing the amendment now asked, they must
find that at the October term, 1874, of the court of
ordinary of this county, a judgment duly written out
was signed by the judge of said court, authorizing S. J.
Bell, as administrator of May V. Attaway, to sell the
land mentioned. If the testimony leads you to believe
that at the October term of said court, in 1874, no such
judgment was made in the way I have charged, you can-
not conclude that any legal judgment was had, and you
must find against the applicant. If a paper was brought
to the court of ordinary purporting to be an order to
sell land, and this paper was handed to the ordinary at
a regular term of the court, and he filed it away for
record and never signed it, and it was never recorded on
the minutes of said court, such paper is not a judgment
of the court of ordinary and cannot now be entered as
a judgment of said court.

"Human memory is frail, and it is a dangerous prac-
tice to attempt after a long lapse of time to set up and
establish records by memory; and before the jury can
enter a judgment on parol testimony alone, it ought and
must appear that the paper offered as a judgment was in
fact and in law a good judgment.

"The burden of proof being on the party moving to

establish these orders, I charge that the party moving must show that the orders were actually passed, that the judgments were actually rendered by the judge of the court of ordinary as claimed, when there is no record of the rendition of a judgment and it is sought to be established by parol, that is by witnesses testifying from memory. I charge you that the testimony must be unmistakable. If the proof shows that no order was signed and no paper purporting to be an order for his signature was read over by the judge or in his presence, receiving his sanction, and no order was entered on the minutes of the court, then there was no judgment of the court at all; no order was passed, and you should so find.

"In order for a copy of a lost paper to be established upon the testimony of a witness who swears from memory, that person must have seen and read over the paper himself in order to know its contents and be able to swear to them He could not swear from what some one else told him, or from his knowledge of a custom that may have prevailed in like cases.

"While it is not your duty in this trial nor the duty of this court to say whether any judgment that may have been passed was a legal judgment, but your simple duty is to enquire whether the ordinary did render a judgment or pass an order as alleged,—while you have nothing to do with the regularity or legality of such a judgment or order, yet the law provides how a court of record should render a judgment or pass an order, and unless he does it in the way required by law he does not do it at all. In other words, unless the order was reduced to writing and signed by the judge or entered upon his minutes, then it was not a judgment or order of any kind, whether good or void. A mere writing drawn by a lawyer, not signed by the judge nor entered on the minutes, is not a judgment of the court and could not be now entered on the record as such."

Error in the charge to the jury, in saying that the issue was, were these two orders granted as claimed. Movants insist that the papers as claimed with the testimony offered about them, were not such writings as made them legal judgments of the court of ordinary, and that the issue should have covered the question whether there was in October, 1874, a legal judgment of the court of ordinary authorizing the sale of said land, at least a judgment legal in the sense of being regular in form and manifesting in itself the source of its authority.

The court erred in saying in his charge that if the orders were passed as claimed, and the jury were satisfied of this fact, they should so find, and in saying that it was "not necessary that the orders should have been signed; if the said papers were drawn by the attorney who carried them to the ordinary, and he sanctioned them, they ought to go on the minutes; if the ordinary sanctioned said orders, though [he] did not sign them and they were left off the minutes by inadvertence, then they ought now to be entered there." The court erred in saying, "The recitals in an administrator's deed are testimony, so is the receipt for costs; but they are not conclusive; but they are testimony, and you will so consider them." The court erred in saying, "The law requires application for administration to be in writing; but where administration is vested in the clerk of the superior court, the ordinary may do so upon his own motion without any application in writing." Especially is this error in view of the statute which makes such vesting of administration conditional upon the said estate being made to appear to be of less value than the sum of five hundred dollars, and there being no evidence that said fact was made to appear to the ordinary. And the court further erred in saying: "The issue is not whether the orders were legally passed, but what was

actually done in that court; you have nothing to do with the legality of what may have been done."

R. O. LOVETT and P. P. JOHNSTON, for plaintiffs in error.

J. J. JONES & SON and J. R. LAMAR, contra.