## NIXON *et al. v.* LEHMAN.

1. After an action of complaint for land is filed, if it becomes necessary to perfect any muniment of title by a proceeding in another court to establish one of its lost records, a party may apply to such court for any proper order, upon giving notice to the adverse party.

(*a*) The court of ordinary, being a court of general jurisdiction concerning the administration of estates, has the inherent power to establish a copy of one of its own orders (pertaining to such administration) which has been recorded, where both the order and the book containing its record are lost.

2. The judge of the superior court is not required to peremptorily call the trial docket in its order; and where two cases between the same parties are on the docket, he may, in his discretion, give precedence in trial to the case last on the docket. There was no abuse of discretion in this case.

3. In a proceeding to establish a copy of a lost record, the date of the record as alleged in the pleading may be changed by amendment. There was no error in refusing a continuance in this case because of the allowance of the amendment.

4. In a proceeding to establish a copy of a lost record of an order granting an administrator leave to sell the land of his intestate, it is competent to receive in evidence the newspaper containing the notice of the application, the newspaper containing the advertisement of sale, the ordinary's receipt for the fee for granting the order of sale, and the administrator's return of the sale of the land. While a recital in an administrator's deed that he sold the land affords no direct evidence of the truth of the facts recited, nevertheless the deed with such recital is competent evidence as tending to show that the administrator was not acting independently of the court of ordinary, but conformably to an order of that court.

5. The statute does not require that notice of an application by an administrator for leave to sell the land of his intestate shall be in the form of a citation by the ordinary; it may be signed by the administrator. The form of the notice in this case was substantially that required by the statute.

6. An administrator's return must be under oath. Where a return was made and upon it was endorsed, "Examined and approved and ordered to record, July 1st, 1873, John M. James, Ordinary," and the return was recorded without the vouchers which were filed with it, and the vouchers are subsequently recorded under a nunc-pro-tunc order, the record of such return will not be rejected on the ground that it does not appear that the return was made under oath. It is to be presumed that the ordinary did his duty in requiring that the administrator make oath to his return, before he received it, in the absence of aliunde evidence to the contrary.

7. The evidence examined and found to demand the verdict.

FEBRUARY 13, 1912.

Petition to establish copy of lost record. Before Judge Edwards. Douglas superior court. November 20, 1908.

*J. S. James,* for plaintiffs in error.

*L. R. Ray,* contra.

EVANS, P. J. The heirs at law of John W. Nixon instituted an action of complaint for land against J. S. Lehman, in Douglas superior court. The defendant claimed title through mesne conveyances under a deed from Z. A. Rice, administrator of John W. Nixon, purporting to have been executed on December 25, 1872. Lehman then filed a petition to the court of ordinary to establish a copy of an order of sale alleged to have been granted by the ordinary, and the plaintiffs in the ejectment suit resisted the application. By consent the case was appealed to the superior court; and the exceptions are to the direction of a verdict establishing the lost original, and to certain pendente-lite rulings made on the trial.

1. After an action of complaint for land is filed, if it becomes necessary to perfect any muniment of title by a proceeding in another court to amend or add to the records thereof touching such muniment, a party may apply to such court for a nunc-pro-tunc order, upon giving notice to the adverse party. *Wimberly* v. *Mansfield,* 70 *Ga.* 783. The application was by the defendant in the ejectment suit, who alleged: that he was the owner of the land (which was described) ; that one of his muniments of title was an order granted at the September term, 1872, of the court of ordinary of that county, authorizing Z. A. Rice, the administrator of John W. Nixon, to sell the land for the purpose of paying the debts of his intestate and making distribution; that the order, copy of which was attached, was lost, and the record book wherein it was recorded was also lost; that the administrator was dead, and there was no representation on his estate; and that the plaintiffs in the ejectment suit were the heirs at law of John W. Nixon. The prayer was to establish the lost order and record. Service of notice on the heirs at law of John W. Nixon was acknowledged by their attorney. The court of ordinary is a court of record, and has power to establish its lost records; and the allegations of the application presented a proper case for the exercise of this power.

2. When the case on appeal was called, counsel for the plaintiffs in the ejectment suit objected to its being called out of its order, in advance of the ejectment suit, which was docketed earlier on the court's calendar. The judge overruled this objection. A judge

of the superior court is not required to peremptorily call the cases on his docket in their order; he may exercise a discretion in calling the docket. *Wood* v. *Wood,* 135 *Ga.* 385 (69 S. E. 549). The court did not abuse his discretion in this case.

3. On the trial the court allowed several amendments to the application, changing the date of the granting of the alleged order. There was no error in allowing the pleadings to be amended in this respect. The various dates ranged between August and October, 1872, and the final amendment fixed the date of the grant of the alleged order at the September term, 1872. A motion was made for a continuance on the ground of surprise; but as the showing did not measure up to the requirement of the Civil Code, § 5714, the court did not err in refusing to continue the case.

4. The order was alleged to have been granted at the September term, 1872, of the court of ordinary of Douglas county, and the proceeding to establish it was filed on December 15, 1903, a little more than thirty-one years thereafter. Not only was it alleged that the order was lost, but also that the record book which contained it could not be found. From this great lapse of time necessarily circumstantial evidence must be resorted to; and any circumstance legitimately offering an inference that the order was granted as contended may be considered. The newspaper containing the advertisement of notice of the application for leave to sell, the return of the administrator that he had sold the land and distributed the proceeds, a receipt by the ordinary for his costs for granting the order, and similar evidence, may be looked to in determining whether the order was in fact granted by the court of ordinary. *Attaway* v. *Carswell,* 89 *Ga.* 343 (15 S. E. 472). When the applicant tendered in evidence the administrator's deed, it was objected to on the ground that it recited that the order was granted on August 24, 1872, and that the land was insufficiently described. With reference to the first objection, the recital in the deed of the order of sale affords no direct evidence of the truth of the facts recited; but the deed is receivable in evidence, as showing a consistency with the contention that the administrator was acting under power of the court of ordinary and not independently of it. *Attaway* v. *Carswell,* supra. If in point of fact the ordinary granted the administrator power to sell, a misrecital of the date of the order will not invalidate the deed, nor require its exclusion

from evidence. And although the description of the land may be lacking in definiteness, so as to give efficacy to the deed as a conveyance of title, yet, as the contention is that the order was to sell all of the lands of the estate, and the deed purports to convey land under such order, the deed is not inadmissible for lack of a full description of the land it purports to convey.

5. The court allowed in evidence several issues of the Atlanta Daily Sun, which contained the following advertisement: "Georgia, Douglas County. Notice is hereby given to all persons concerned, that application will be made to the court of ordinary of said county, at the first regular term after the expiration of sixty days from the date of this notice, for leave to sell the lands belonging to the estate of John W. Nixon, late of said county, deceased. June 29, 1872. Z. A. Rice, administrator." Four of the issues of the paper were dated in July, the first bearing date July 9, 1872; six issues were dated in August; and several were dated in September and October. There was proof that there was no newspaper published in Douglas county at that time, and that the county advertisements were published in the Daily Sun newspaper, which circulated in Douglas county. The form of the notice was in compliance with the statute. Civil Code, § 4026. *Davie* v. *McDaniel,* 47 *Ga.* 195; Reese on Executors, 402. The fact that the paper continued the advertisement beyond the time the application was to have been made does not in any way affect the legality of the notice. Several issues of the Atlanta Daily Sun, containing an advertisement of the sale of "the tract of land in said county [Douglas] whereon John W. Nixon resided at his death," and reciting that it was to be sold by his administrator pursuant to an order of the ordinary of Douglas county, were admitted in evidence. The advertisement purported to have been dated September 2, 1872. This evidence was competent to show that the administrator purposed to sell under an order of the ordinary, and was not open to any of the objections thereto.

6. The applicant introduced in evidence the record containing what purported to be the annual return of Z. A. Rice, administrator of the estate of John W. Nixon, wherein the administrator charged himself with the proceeds of the sale of the land and credited himself with certain items, including payments to the heirs of their distributive shares, and to the ordinary of his costs for

granting the order to sell the land of the deceased. The original return was also introduced, and upon it was endorsed, "Examined and approved, and ordered to record. July 1st, 1873. John M. James, Ordinary." The original return was not signed, nor was the approval of the ordinary recorded with the return. Subsequently, in 1906, the original return and vouchers were found in the ordinary's office, and the ordinary passed an order nunc pro tunc, amending the record of the return by adding the approval of the ordinary which appeared on the original return, and by recording the vouchers. This evidence was competent. While the statute requires that returns by an administrator shall be made under oath, and contemplates that the return shall be signed by the administrator and shall disclose that it was made under oath, yet where the return is made to the ordinary, accepted and approved by him, and entered of record, it will be presumed prima facie that the ordinary did his duty, and would not have approved and ordered the return to record unless it was sworn to by the administrator.

7. There was no error in the various rulings complained of, and the evidence demanded the verdict.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*