13251.   BOND, administrator, *v.* REID *et al.*

1. In a proceeding to establish a copy of a lost or destroyed record of a will theretofore duly probated and admitted to record, under § 5811 of the Civil Code (1910), a copy which a witness who is neither contradicted nor impeached swears positively was correctly transcribed by him from the record of wills in the ordinary's office, before its destruction, must prevail over a copy testified by other witnesses to be a correct

copy merely of a will (not of the record thereof), which "will" is not shown to have been probated or recorded.

2. A verdict in favor of the defendants being demanded by evidence which was admitted without objection, the action of the court in directing such verdict will be affirmed, even though it should be conceded that there was error in the admission of certain additional evidence over objection.

DECIDED FEBRUARY 14, 1923. REHEARING DENIED FEBRUARY 23, 1923.

Establishment of copy of will; from Twiggs superior court — Judge Kent. February 28, 1921.

This case went first to the Supreme Court, and that court transferred it to the Court of Appeals. The opinion of the Supreme Court delivered in connection with the judgment transferring it contains a synopsis of the pleadings and a succinct statement of the nature of the proceeding. 152 *Ga.* 481 (110 S. E. 281.)

Upon a trial in the superior court, after a consent appeal from the court of ordinary, it was shown that the court-house of Twiggs county was burned in February, 1901, and that all the records therein, including those of the court of ordinary, were destroyed. Fred Wimberley, for the petitioner, testified as follows: "I knew J. R. Wimberly; I am his son. I am familiar with his hand-writing. . . This is my father's handwriting here on this paper (referring to copy of will, a copy of which is attached to the petition filed in this case to establish it as the record of the will of Heywood H. Phillips). He was ordinary about 16 years immediately and continuously prior to 1902. He wrote this paper. He died in 1904, and was in office as ordinary before his death." H. F. Strohecker, sworn for petitioner, testified: "I live in Macon. I have lived there for 65 years. My occupation is practicing law. I think it was in 1898 or 1899, I examined that will (referring to the copy identified by the witness Fred Wimberly). I came down here in connection with this lot of land in controversy. I think I saw the will on this trip down here. It was in the ordinary's office, Mr. Josh R. Wimberly was ordinary at the time. I am positive this is the copy will I gave back to Mr. Johnson. Mr. Johnson tried to sell the land, and I remember this item here. I read the will for the purpose of passing on the title. This is the copy that I got. It has been nearly 20 years since I have seen a copy of this will. I am positive about this being the same paper I received from the ordinary as a copy of the will." Mrs. Lora H. Johnson testified for the petitioner as follows: "I am

a daughter of Heywood H. Phillips. . . I am familiar with all the particular parts of my father's will. It left the home place to my mother for her lifetime, and at her death to her three youngest girls, Dillie, Roxie, and me. The home place contained 202-1/2 acres. I do not remember the lot number. . . I read the copy will handed me this morning (referring to the copy of the will of Heywood H. Prillips, copy of which is attached to the petition to establish it as the will of Heywood H. Phillips). It certainly is a correct copy of Heywood H. Phillips' will." Petitioner rested.

J. T. Horne testified by interrogatories as a witness for respondents, as follows: "I have lived in Vidalia, Georgia, since January, 1903. I lived in Twiggs county, Georgia, from birth until January, 1903. The paper attached to the interrogatories (copy of the will of Heywood H. Phillips, copy of which is attached to respondent's answer) is a copy of the will of Haywood H. Phillips. I wrote this copy. I copied it from the record of wills in the ordinary's office of Twiggs county on October 6, 1900. I was doing the clerical work in the office of the clerk of the superior court of Twiggs county for A. F. Martin, who was clerk. I also attended to some of the minor duties of the ordinary's office at the request of the ordinary, when he was absent, such as examining the records for persons asking for information in the office and wanting copies of any record therein. I made this copy of the will of Haywood H. Phillips at request of Monroe Phillips during the absence of the ordinary. I made out the purported certificate following the copy of the will and signed it on October 6, 1900, at the same time I copied the will. I made a true and exact copy of the will of Haywood H. Phillips just as it appeared in the book of wills in the ordinary's office of Twiggs county."

There was some additional evidence introduced by the petitioner and the respondent, documentary and otherwise, including certain muniments of title by which the petitioner sought to establish his interest in certain of the property mentioned in the will, and therefore his right to maintain the proceeding; but none of the evidence introduced by the petitioner makes his case stronger than that which is quoted above, and no evidence introduced by either party contradicts, modifies, or impeaches the evidence of J. T. Horne, whose evidence is quoted above as given in behalf of the respondents.

It appears that the petitioner's intestate, J. T. Bond, procured a warranty deed from Lora H. Johnson and Roxie A. Stapleton, on November 11, 1901, conveying to him the lot of land mentioned in the will. It will be noted that the petitioner contended that the will bequeathed a remainder estate in this property to these grantors and another of his daughters, after the life estate to his wife, whom the evidence shows to have died prior to the institution of the present proceeding. The evidence includes certain documents purporting to convey the property successively under J. T. Bond to various persons, and finally back to him. These conveyances purported to place the property at one time in the Reco Mining Company. Respondents offered in evidence a suit of Monroe H. Phillips, as executor of the will of Haywood H. Phillips, against the Reco Mining Company, filed in Twiggs superior court on March 17, 1902, for the recovery of the lot of land mentioned, together with the verdict and judgment thereon in favor of the plaintiff therein, said suit reciting that Haywood H. Phillips was the father of petitioner and died leaving a will, a copy of which was attached to the suit, identical with that which was attached to the respondents' answer in the instant case, and reciting further that Monroe H. Phillips was duly appointed and qualified as executor of said will. It appeared that the proceeding was after due and timely service upon the defendant, the Reco Mining Company. The petitioner in the present proceeding objected to the introduction of this documentary evidence, on the ground that it was irrelevant, because J. T. Bond was not a party to said suit and could not be bound thereby, and upon other grounds which were equivalent to the one that the documents were irrelevant. The objections were overruled and the documents were admitted in evidence. At the close of the evidence the court directed a verdict in favor of the respondents.

*Charles Akerman, Jordan & Moore,* for plaintiff.

*John R. L. Smith, Grady C. Harris, S. A. Crump,* for defendant.

BELL, J. (After stating the foregoing facts.)

1. Quoting from the Supreme Court's decision transferring this case to this court: "Properly construed, the proceeding is not one to probate a copy of a lost or destroyed will under the Civil Code (1910), § 3863, but is one to establish a copy of a lost record of a will theretofore duly probated and admitted to record.

Civil Code (1910), § 5811; *Nixon* v. *Lehman,* 137 *Ga.* 516 (73 S.
E. 747)." *Bond* v. *Reid,* supra. It is not shown by any of the
evidence that the copy presented by the petitioner was a copy of any
record, or of any will which had been duly probated. It does not
appear that any witness except Mr. Strohecker undertook to tes-
tify that the copy so presented was a correct copy of any will that
the witness had ever known to be of file in the office of the ordinary,
and the testimony of Mr. Strohecker, construed most strongly in
favor of the petitioner, shows only that the copy to which he re-
ferred was a copy of some document found by him in the ordinary's
office, purporting to be the will of Haywood Phillips; but it is not
established even prima facie that the document had been probated
as such will. It must be borne in mind that this is a proceeding
to establish the lost record of a will.

The ordinary is required by law to record all wills which are
duly probated. Civil Code (1910), §§ 3855, 3856, 3858, 3863,
and 3864. It is the duty of the ordinary, among other things, to
keep in his office " a book for the record of wills." Civil Code
(1910), § 4808 (8). " A will is the legal expression of a man's
wishes as to the disposition of his property after his death."
Civil Code (1910), § 3827. It seems that the term " will " is
applied not only in ordinary speech, but also in the statutes them-
selves (Civil Code (1910), § 3862 and cognate sections), as com-
monly to documents purporting to be such before probate as to
wills which have been duly and legally established. It could,
therefore, hardly be held that a witness, in speaking of a " will," is
presumed to refer to a document which has been adjudged to be
a will by a proper probate thereof, rather than merely to a docu-
ment purporting to be a will which has never been established as
such by a judgment of probate. " Every person having possession
of a will must file the same with the ordinary of the county having
jurisdiction; and on failure to do so, the ordinary may issue proc-
ess as for contempt, and fine and imprison the person thus with-
holding the paper, until the same shall be delivered." Civil Code
(1910), § 3862.

It would seem that the mere fact that a will may be of file with
the ordinary is insufficient of itself to raise a presumption that the
will has ever been probated; and proof that the document is merely
a copy of such filed will, without more, would not be any evidence

that the document is a copy of the record of the same. It does not appear from the evidence of the petitioner that the copy presented by him is a copy of any original which has even been recorded. If this had been shown, then a presumption of probate would have arisen, and it might have been inferred that this copy was also a true copy of the record, for § 5808 of the Civil Code (1910) provides as follows: " If the original is found to have been recorded, and it does not appear whether it was done on proper probate, the court shall presume, until the contrary appears, that the same was done on proper probate." In the case of *Rogers* v. *Rogers,* 78 *Ga.* 688 (3 S. E. 451), an original " will " was offered for the purpose of showing that after the death of the testator certain words were erased and others substituted therefor. In the third division of the opinion the court said: " This paper came out of the ordinary's office, but was not proved and had no entry of record or probate thereon, and it was not admissible for any other purpose than that for which it was offered. The complainants had no right to maintain their bill without showing probate of the will under which they claimed. This was not done; and the objection on that ground was fatal to their claim, and should have been sustained. There was error in overruling this objection and allowing the case to proceed without this proof. It may be that the original will was proved. It is true that it came out of the hands of the ordinary, and it was shown that it went into the hands of the ordinary at the death of the testator; but that does not sufficiently identify the probate and record of the original will offered and received in evidence. Upon this ground, therefore, we shall have to order this judgment reversed."

The provision of the law which requires every person having possession of a will to file it with the ordinary (§ 3862 of the Civil Code, above quoted) is to be presumed to have been complied with by every person concerned, especially in view of the fact that the ordinary is charged with the duty and authority to require such compliance. For the witness then to speak merely of a copy of the will does not warrant the conclusion that the will is other than one simply filed under the code section above referred to, even where the testimony shows such will to have been in the ordinary's office, and we are of the opinion that such evidence is without any probative value whatever in support of a petition by which it is

sought directly to establish a lost record of a will. It would seem, by an analogy of the principle stated in *Rogers* v. *Rogers,* supra, that in order to maintain such a proceeding, the petitioner must show a probate of the will, the copy of which he seeks to establish as a copy of the record of the will, because there can be no record until there is first a probate.

If the evidence for the petitioner had shown that the will from which the petitioner's copy was taken had been recorded, then, in view of the provisions of § 5808 of the code, supra, we think it would have been inferable that such copy was likewise a correct transcript of the record of such will, made upon a due probate thereof, and in such event it would have been sufficient to raise an issue for determination by the jury as to whether the copy presented by the petitioner or that presented by the respondents was the correct copy of the record sought to be established.

We are of the opinion that the evidence of Horne, who is in no way impeached or contradicted, and who testifies positively that the copy presented by the respondents was correctly transcribed by him from the record of wills, must prevail over the evidence offered by the petitioner, which is insufficient in the particulars which we have sought to set forth; and that the court, therefore, was right in directing a verdict in favor of the respondents.

2. In view of our conclusion that the evidence which was unobjected to demanded the verdict that the court directed in favor of the respondents, and that the judgment must on that ground be affirmed, it is unnecessary to decide the question, which has thus become moot, as to whether there was error in the admission of the documentary evidence over the objections of the petitioner, to all of which we have referred in the statement of facts; for even if it should be conceded that there was error in the admission of the same, the error was harmless and immaterial when the other evidence demanded the verdict.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*