S09A0015. STALEY v. THE STATE.

(672 SE2d 615)

THOMPSON, Justice.

In 2002 appellant Edward Staley entered counseled guilty pleas to charges of aggravated child molestation, child molestation, and enticing a child for indecent purposes. Five years later, he began challenging his convictions and sentences by filing numerous motions in the sentencing court pursuant to OCGA § 17-9-4 in which he alleged, inter alia, that his convictions were void because the statutes under which he was charged and sentenced did not criminalize the conduct for which he was convicted. The court denied these motions and appellant directly appealed from that order. See *Chester v. State,* 284 Ga. 162 (664 SE2d 220) (2008). After reviewing the record, we find no error and affirm.

1. Appellant asserts his convictions and sentences are void because Georgia's child molestation and child enticement statutes criminalize specific conduct perpetrated on a "child" under the age of 16 and OCGA § 1-3-3 (6) defines a child as a "legitimate descendant[ ]." Therefore, he argues, he cannot constitutionally be convicted under these statutes for having molested and enticed for indecent purposes a child not related to him.

This Court must diligently look for the intention of the General Assembly in all interpretations of statutes.

> In arriving at the intention of the legislature, it is appropriate for the court to look to the old law and the evil which the legislature sought to correct in enacting the new law and the remedy provided therefor. [Cit.] It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contem-

plated by the legislature. [Cit.] The construction must square with common sense and sound reasoning. [Cit.]

(Punctuation omitted.) *State v. Mulkey*, 252 Ga. 201, 204 (312 SE2d 601) (1984).

The General Assembly, by enacting OCGA §§ 16-6-4 and 16-6-5, intended to protect children in this state under the age of 16 from sexual predators and offenders. Ga. L. 1995, p. 957. From this perspective, it is obvious that the most reasonable interpretation of the statute, and the only one that does not result in unreasonable or absurd consequences, is that these statutes criminalize the acts of child molestation and enticement of a child for indecent purposes when perpetrated on any child under the age of 16, not just the legitimate descendants of the offender. To rule otherwise would lead to the absurd result of de-criminalizing the molestation of a step-child, an illegitimate child, or any other child who was not the "legitimate descendant" of a defendant. That was not the intention of the legislature and we eschew such a construction of these statutes.

Accordingly, appellant's indictment is not void for failing to assert an essential element, relationship with appellant, and the trial court did not lack subject matter jurisdiction. Moreover, contrary to appellant's contention, this Court's authority to construe statutes neither violates the constitutional separation of powers nor constitutes an unconstitutional delegation of legislative authority. See OCGA § 1-3-2. "[T]he doctrine of separation of powers is an immutable constitutional principle which must be strictly enforced. [Cit.] Under that doctrine, statutory construction belongs to the courts, legislation to the legislature." (Citation and punctuation omitted.) *Etkind v. Suarez*, 271 Ga. 352, 353 (1) (519 SE2d 210) (1999).

2. We do not address appellant's remaining enumerations based on grounds not properly alleged in an OCGA § 17-9-4 motion. See *Chester v. State*, supra at 162 (2) (OCGA § 17-9-4 authorizes motion that alleges ground upon which judgment of conviction can be declared void). "If [a] motion alleges a ground which would not void the conviction, the motion does not qualify as a § 17-9-4 motion and the trial court's ruling on the motion is not directly appealable. [Cit.]" *Wallace v. State*, 284 Ga. 429 (667 SE2d 590) (2008).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 2009 —
RECONSIDERATION DENIED FEBRUARY 9, 2009.

Edward Staley, *pro se.*

*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney,* for appellee.