## S09A1935. EAST GEORGIA LAND AND DEVELOPMENT COMPANY, LLC v. BAKER et al.

(690 SE2d 145)

CARLEY, Presiding Justice.

The minutes of the May 21, 1985 meeting of the Newton County Board of Commissioners show that a new zoning ordinance was adopted. In 1997, East Georgia Land and Development Company, LLC (EGL) requested a letter verifying that its proposed landfill complied with the local zoning ordinance. See OCGA § 12-8-24 (g). The County refused to issue the letter, on the ground that the landfill was not a permitted use under the 1985 zoning ordinance. EGL sought mandamus to compel issuance of the letter. During the mandamus proceedings, it was determined that the 1985 ordinance was neither clearly identified in nor attached to the Board's minutes

and that the County could not rely on parol evidence to prove the contents of the ordinance.

At the request of the county attorney, Probate Court Judge Henry Baker filed a petition in superior court pursuant to OCGA § 24-8-1 et seq., which provides for the establishment of lost public records (Act) to establish a copy of the 1985 ordinance because the original had been lost. In an interlocutory order, the superior court permitted EGL to intervene, and designated EGL as defendant and the County, by and through its commissioners, as plaintiff. The superior court found that the 1985 ordinance is a "public record" as contemplated by OCGA § 24-8-1 and, thus, a copy thereof may be established pursuant to that statute. The superior court also rejected EGL's arguments that establishment of the copy as an original would violate the doctrine of separation of powers and would constitute a taking.

Although OCGA § 24-8-4 authorizes appointment of an auditor, the superior court heard the case without the assistance of an auditor and found that the 1985 ordinance was originally attached to the May 21, 1985 minutes and was subsequently lost, that a true and correct duplicate was found in the zoning office in 1999 and was then attached to the minutes, and that it is currently maintained in the office of the Clerk of the Board of Commissioners. The superior court entered a final order establishing that copy as an original and denying a motion for involuntary dismissal filed by EGL. EGL appeals from this order.

1. Ordinarily, a proceeding under the Act to establish a copy of a lost record would not come within the class of cases over which this Court has jurisdiction. *Bond v. Reid*, 152 Ga. 481, 482 (1) (110 SE 281) (1922). See also *Loftin v. Carroll County Bd. of Education*, 195 Ga. 689 (1) (25 SE2d 293) (1943). However, because the constitutionality of the Act as applied has been raised and ruled upon by the superior court, we have exclusive jurisdiction over this appeal. See *Jenkins v. State*, 284 Ga. 642, 644 (1) (670 SE2d 425) (2008). We will first address the non-constitutional issues raised by EGL, as " '(i)t is well established that this [C]ourt will never decide a constitutional question if the decision of the case presented can be made upon other grounds. (Cit.)' [Cit.]" *Board of Tax Assessors of Columbus v. Tom's Foods*, 264 Ga. 309, 310 (444 SE2d 771) (1994).

2. EGL contends that the superior court erred by holding that the Act allows superior courts to establish copies of ordinances and other legislation and by admitting parol evidence of the contents of alleged legislation over EGL's objection.

"Where any public records have been lost, mutilated, stolen, or destroyed, the superior court of the county where the records belong may establish copies. . . ." OCGA § 24-8-1. EGL argues that the

term "public records" includes court records such as case filings and real estate records, but not ordinances. EGL relies on the preamble to the lost records law as originally enacted, which refers to "public records in any courts of this State . . . ." Ga. L. 1887, p. 112. "However, it is fundamental that the preamble or caption of an act is no part thereof and cannot control the plain meaning of the body of the act. [Cits.]" *State v. Ware*, 282 Ga. 676, 678 (653 SE2d 21) (2007). The plain language of the Act shows that it applies to "any public records" and does not include any limitation to court records.

> Since statutes providing for the restoration of lost or destroyed records are remedial in their nature and object, [cit.] they must receive a liberal construction, [cit.] and be made to apply to all cases which, under a fair construction of their terms, they can be made to reach[.] [Cit.]

76 CJS Records § 41. For many years, this Court has described ordinances and documents incorporated by reference therein as public records. See *Mid-Georgia Environmental Mgmt. Group v. Meriwether County*, 277 Ga. 670, 674 (5), fn. 15 (594 SE2d 344) (2004); *McFrugal Rental of Riverdale v. Garr*, 262 Ga. 369 (418 SE2d 60) (1992); *Friedman v. Goodman*, 219 Ga. 152, 159 (3) (b) (132 SE2d 60) (1963).

Furthermore, the need for, and existence of, a remedy for the loss or destruction of an ordinance was assumed many years ago in a case where this Court found it unnecessary "to determine whether the superior court would have authority to establish a lost ordinance, rather than merely to permit proof of its contents." *City of McRae v. Folsom*, 191 Ga. 272, 277 (11 SE2d 900) (1940). Because an ordinance affects all of the citizens of a county, the need for a remedy when it is lost or destroyed clearly is no less important than when a particular case or real estate record is missing. As the owner of all such public records, the County has "a right, irrespective of the [A]ct of 1887, to have a copy of the same established if the requisite service could be effected on all parties interested. The [Act] takes the right for granted, and attempts to provide machinery for exercising it." *Ex parte Calhoun*, 87 Ga. 359, 363 (13 SE 694) (1891).

Contrary to EGL's assertion, the fact that county ordinances cannot normally be proved by parol evidence does not prevent such proof in this proceeding. "Properly construed, the proceeding is not one to [enforce a zoning ordinance], but is one to establish a copy of a lost record [there]of . . . ." *Bond v. Reid*, supra. OCGA § 24-8-4 expressly contemplates the hearing of evidence and summoning of witnesses, and OCGA § 24-8-3 requires that the copy established must conform "as nearly as may be possible" to the pages on which

they originally existed. Where, as here, a proceeding is instituted to establish a copy of a public record which has been lost for many years, "circumstantial evidence must be resorted to; and any circumstance legitimately offering an inference that the [record] was . . . as contended may be considered." *Nixon v. Lehman*, 137 Ga. 516, 518 (4) (73 SE 747) (1912). Establishment of a lost record is necessarily by parol evidence. *Bridges v. Thomas*, 50 Ga. 378, 381 (2) (1873).

Accordingly, we follow the generally accepted rule that a lost or destroyed ordinance may be established by parol evidence. 6 *McQuillin Mun. Corp.* § 22:39 (3rd ed.); 2 *Local Govt. Law* § 11:24. See also *Knight v. The Kansas City, St. Joseph & Council Bluffs R. Co.*, 70 Mo. 231 (1879).

3. EGL further contends that the evidence was insufficient to support the superior court's denial of the OCGA § 9-11-41 (b) motion for involuntary dismissal.

> In all nonjury trials, the trial court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." OCGA § 9-11-52 (a). And at a bench trial, the trial court's ruling on an OCGA § 9-11-41 (b) motion for involuntary dismissal will not be disturbed if there is "any evidence" to support it. *Hamil v. Stanford*, 264 Ga. 801, 802 (1) (449 SE2d 118) (1994).

*Magnus Homes v. DeRosa*, 248 Ga. App. 31, 32 (1) (545 SE2d 166) (2001). In its final order, the superior court thoroughly reviewed the evidence upon which it relied, including the testimony of EGL's forensic expert and several witnesses who were county officials in 1985 and their successors in office, as well as the dovetailing of subsequent amendments to the sections and subsections of the proffered copy. That evidence was sufficient to support the superior court's finding that such copy is a true and correct duplicate of the original ordinance adopted at the May 21, 1985 meeting of the Board.

4. EGL urges that application of the Act in this case violates the constitutional doctrine of separation of powers and, for similar reasons, the Zoning Procedures Law (ZPL), OCGA § 36-66-1 et seq.

EGL argues that the copy established by the superior court is not the exact ordinance adopted in 1985 and, therefore, that the establishment decree is tantamount to judicial enactment of legislation that will adversely affect property rights. However, having previously distinguished this proceeding from the enforcement of an ordinance, we must now distinguish it from the adoption or amendment of an ordinance. A proceeding to establish a lost or destroyed ordinance is more akin to the interpretation of legislation which has

already become effective. Under the doctrine of separation of powers, " 'statutory construction belongs to the courts, legislation to the legislature.' [Cit.]" *Staley v. State*, 284 Ga. 873, 874 (1) (672 SE2d 615) (2009). In this case, as in those requiring the interpretation of statutes, " 'the legislative process was complete. The law or ordinance from which the [alleged] illegality arose was, in fact, a law.' " *O'Kelley v. Cox*, 278 Ga. 572, 574 (604 SE2d 773) (2004). We conclude that this Court's authority to reestablish a previously adopted ordinance, like our "authority to construe statutes[,] neither violates the constitutional separation of powers nor constitutes an unconstitutional delegation of legislative authority. [Cit.]" *Staley v. State*, supra. As the trial court correctly held in its interlocutory order, an establishment decree does not violate the doctrine of separation of powers, since its effect is not "the 'enactment' of the ordinance or alteration of the ordinance as enacted by the [B]oard . . . . [S]uch a decree . . . merely re-establish[es] the ordinance as always having been in effect."

EGL also argues that the trial court's final order retroactively establishes a "substantial copy" as a zoning law and therefore necessarily amends the zoning ordinance without the published notice and public hearings required by the ZPL. As discussed above, however, the trial court's decree did not have the effect of either adopting or amending any zoning ordinance. Because it did not constitute "final legislative action by a local government" resulting in such adoption or amendment, the decree was not a "zoning decision" to which the ZPL applies. OCGA § 36-66-3 (4).

5. EGL asserts that the final order effects an unconstitutional taking of its property rights without just compensation by establishing a zoning ordinance which did not exist in the public records of the County when EGL's rights vested in 1997. As already noted, however, the trial court's decree established a copy of an ordinance which has existed since 1985, prior to the vesting of EGL's property rights. Moreover, this evidentiary proceeding does not directly affect such rights. Instead, its result is that the copy which is established "shall be in all respects evidence as the original records would have been." OCGA § 24-8-1. The trial court correctly ruled that its establishment decree does not constitute a taking.

6. EGL also contends that OCGA § 24-8-2 violates substantive due process as applied to the establishment of an ordinance. However, "we do not reach constitutional questions which have not been considered and distinctly ruled on by the trial court. [Cit.]" *Davis v. Harpagon Co.*, 283 Ga. 539, 542 (4) (661 SE2d 545) (2008). EGL fails to identify any distinct ruling on this constitutional issue. Our review of the record and transcript indicates that the trial court referred only to the other constitutional issues raised in this appeal,

which we have already addressed. Because "neither the trial court's discussion nor its written order mention the [due process] issue[ ], it does not appear that [such] issue[ ] [was] distinctly ruled on by the trial court. Accordingly, [it is] not preserved for appeal. [Cits.]" *Nathans v. Diamond*, 282 Ga. 804, 808 (2) (654 SE2d 121) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 2010 —
RECONSIDERATION DENIED MARCH 1, 2010.

*Chamberlain, Hrdlicka, White, Williams & Martin, James L. Paul, Thomas C. Grant*, for appellant.

*William T. Craig, James B. Griffin, Cook, Noell, Tolley & Bates, Edward D. Tolley, Jenkins & Olson, Peter R. Olson*, for appellees.