A11A0275. STALEY v. THE STATE.
(711 SE2d 70)

SMITH, Presiding Judge.

This is the third appeal by Edward Staley. Staley, represented by counsel, pled guilty to one count of child molestation and one count of aggravated child molestation in Hall County on April 22, 2002. He also pled guilty to similar charges in Chatham, Cherokee, and DeKalb counties. See *Staley v. State*, 284 Ga. 873 (672 SE2d 615) (2009); *Staley v. State*, 297 Ga. App. XXV (2009) (unpublished). Five years later, Staley filed numerous motions in the Chatham, Cherokee, and Hall county cases, seeking to set aside his conviction and

---

sentence pursuant to OCGA § 17-9-4. Id. In the case before us now, the Superior Court of Hall County denied 17 of his motions, and Staley appeals. Finding no merit in any of Staley's contentions, we affirm.

1. Staley's appellate counsel asserts a single enumeration of error on Staley's behalf, contending, apparently for the first time, that the trial court did not consider a factual basis for his guilty plea.[1] We disagree. Even assuming, without deciding, that Staley has properly asserted this ground, and that he could show that he has not slept on his rights and that manifest injustice would result unless his guilty plea were invalidated, see *Moore v. State*, 304 Ga. App. 105, 106-108 (695 SE2d 661) (2010), the face of the record shows that a factual basis for his plea in fact was given and considered by the trial court.

Each count of the indictment was read into the record verbatim, and Staley testified in response to the trial court's questioning that he had received and read the indictment and understood the charges against him. This was sufficient to show a factual basis for his plea. *Brown v. State*, 280 Ga. 658, 659 (2) (631 SE2d 687) (2006). Moreover, the trial court questioned Staley and asked him specifically if he was guilty of the acts charged in the indictment, and Staley responded that he was. This was also sufficient to show that he understood the offenses with which he was charged and confessed his guilt. *Thompson v. State*, 240 Ga. App. 539-540 (1) (b), (c) (524 SE2d 239) (1999).

2. We are mindful of appellate counsel's diligence in attempting to set out all the errors asserted by Staley in his other pro se motions, although counsel believes that they have no merit and makes clear that appellant and not counsel asserts these errors. The Georgia Supreme Court addressed Staley's similar pro se contentions with respect to his Chatham County guilty plea in *Staley*, supra, 284 Ga. at 874 (2), and we previously addressed his similar pro se contentions with respect to his Cherokee County guilty plea in *Staley*, supra, 297 Ga. App. at XXV. As in our previous opinion, "[w]e decline to address Staley's remaining claims of error based on grounds not properly raised in an OCGA § 17-9-4 motion." Id.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

---

[1] Although it is difficult to discern all of Staley's contentions from his numerous and verbose pro se pleadings in the trial court, it does not appear that this ground was asserted below. Appellate counsel asserts that the issue was briefed below, but fails to provide a citation to the record to show the manner in which the claim of error was preserved, as required by Court of Appeals Rule 25 (a) (1). Staley disagrees with his appointed appellate counsel, disavows his arguments, and attempted to have him removed below. In an excess of caution, and mindful of the trial court's intention that Staley have an out-of-time appeal of all his various motions, we nevertheless consider this contention.

DECIDED MAY 6, 2011.

*Daniel J. Sammons*, for appellant.
*Lee Darragh, District Attorney*, for appellee.