# Court of Appeals
# of the State of Georgia

ATLANTA,    July 19, 2012

*The Court of Appeals hereby passes the following order:*

### A12A0890. BABIES RIGHT START, INC. v. GEORGIA DEPARTMENT OF COMMUNITY HEALTH.

This case is an appeal from an October 2011 order entered by the Superior Court of Fulton County affirming the decision of the Georgia Department of Public Health to disqualify Babies Right Start, Inc. ("BRS") from the Special Supplemental Nutrition Program for Women, Infants, and Children ("WIC"). Because this case requires a determination of whether Georgia's Administrative Procedure Act ("APA") is preempted by federal regulatory law, it is hereby TRANSFERRED to the Supreme Court of Georgia for disposition. See *Ward v. McFall*, 277 Ga. 649, 651 (1) (593 SE2d 340) (2004).

WIC is a federal program enacted pursuant to the Child Nutrition Act of 1966, 42 U. S. C. § 1786 et seq. The WIC program provides free supplemental food items to meet the nutritional needs of certain low-income women, children, and infants. See 42 U. S. C. § 1786 (a), (c) (1); *So v. Ledbetter*, 209 Ga. App. 666, 667 (434 SE2d 517) (1993). Persons who qualify for the WIC program receive vouchers that can be used for food and beverages from vendors approved to participate in the program by the Georgia Department of Community Health, which has been delegated administration of the program by the United States Department of Agriculture. See id.[1]

---

[1] The Department of Public Health has "succeed[ed] to any rights, privileges, entitlements, obligations, and duties of the Department of Community Health that [were] in effect on June 30, 2011." OCGA § 31-2A-3 (a).

Babies Right Start, Inc. operates a store in Morrow, Georgia, which sells food and supplies for infants and children. In March 2009, BRS and the Department entered into a vendor agreement approving BRS as a vendor under the WIC program. However, in November 2010, the Department immediately disqualified BRS from serving as an approved vendor for one year after discovering several violations of WIC program requirements.

BRS appealed the disqualification to the Georgia Office of State Administrative Hearings. In February 2011, an Administrative Law Judge ("ALJ") issued a decision reversing the disqualification and remanding the action to the Department with directions that BRS instead be placed on probation for six months. The ALJ classified its decision as the "Final Decision" of the Department, concluding that its decision constituted the "final State agency action" pursuant to 7 CFR § 246.18 (e).

In March 2011, the Department filed an Application for Agency Review with the Agency Appeals Reviewer, the designated representative of the Department's Commissioner. The Department argued that the ALJ had erroneously concluded that the sanction of disqualification was improper. Citing to OCGA §§ 50-13-17 (a) and 50-13-41 of Georgia's APA, the Department further argued that the ALJ had improperly classified its decision as the "final State agency action" of the Department rather than as the "Initial Decision."

BRS filed a motion to dismiss the Department's Application for Agency Review. In its motion, BRS argued that the administrative review procedures set forth in Georgia's APA did not apply to administrative reviews of adverse actions under the WIC program because those procedures were preempted by the federal regulatory requirements imposed by 7 CFR § 246.18. According to BRS, 7 CFR § 246.18 (e) made clear that the ALJ's decision constituted the "final State agency action" not subject to further agency review, and that the federal regulation had to prevail over Georgia's APA "[u]nder preemption rules and the Supremacy Clause of the United States Constitution."

In April 2011, the Agency Appeals Reviewer reversed the ALJ's February 2011 decision and concluded that the sanction of one-year disqualification was proper. In its order, the Reviewer denied BRS's motion to dismiss the Department's Application for Agency Review filed pursuant to Georgia's APA. The Reviewer concluded that the ALJ's decision was an initial decision subject to further agency review and construed the administrative review procedures set forth in Georgia's APA as not conflicting with 7 CFR § 246.18 (e).

In May 2011, BRS filed a verified complaint for injunctive, declaratory, and other relief in the Superior Court of Fulton County, challenging the April 2011 decision of the Agency Appeals Reviewer. BRS argued that the Reviewer erred in finding that disqualification was a proper sanction for the alleged WIC violations and in finding that the ALJ's February 2011 decision was an initial decision subject to further administrative review. BRS sought a declaration from the superior court that the ALJ's February 2011 decision was the "final State agency action" under 7 CFR § 246.18 (e) and that the conflicts between the federal regulation and Georgia's APA had to be resolved in favor of federal law. In its subsequent briefing to the superior court on the issue, BRS reiterated its argument that "the Georgia APA provisions must yield to the specific WIC regulation" under principles of federal preemption.

In October 2011, the superior court entered its order affirming the April 2011 decision of the Agency Appeals Reviewer, concluding that BRS's "arguments as to why the [Department's] decision should be reversed are unavailing." The superior court found that the Reviewer committed no error in concluding that the sanction of one-year disqualification was proper. Treating Georgia's APA and 7 CFR § 246.18 as not conflicting, the superior court further found that the Reviewer correctly concluded that the ALJ's February 2011 decision was an initial decision subject to further administrative review by the Department.

BRS sought discretionary review of the superior court's order, and we granted the application. On appeal, BRS argues that the superior court erred in concluding

that the sanction of one-year disqualification from the WIC program was proper, and in concluding that ALJ's February 2011 decision was an initial rather than final agency decision. BRS argues that the administrative review procedures of Georgia's APA are preempted by 7 CFR § 246.18 (e) and that under that federal regulation, the ALJ's February 2011 decision was the "final State agency action" not subject to further review by the Agency Appeals Reviewer. Accordingly, BRS contend that the superior court's order affirming the April 2011 decision of the Agency Appeals Reviewer must be reversed.    This Court has a duty to consider whether it has jurisdiction to hear an appeal, irrespective of whether the issue has been raised by the parties. *Presidential Fin. Corp. v. Francis A. Bonanno, Inc.*, 244 Ga. App. 430, 433 (1) (535 SE2d 809) (2000). The Supreme Court of Georgia has exclusive jurisdiction in "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question." (Emphasis supplied.) Ga. Const.1983, Art. VI, Sec. VI, Par. II. The Supreme Court's exclusive jurisdiction extends to as-applied challenges to the constitutionality of a state statute. See *East Ga. Land & Dev. Co.*, 286 Ga. 551, 552 (1) (690 SE2d 145) (2010).

The question whether a Georgia statute has been preempted by federal law falls within the exclusive jurisdiction of our Supreme Court, given that the question is whether the statute is in violation of the Supremacy Clause of the Constitution of the United States. U. S. Const., Art. VI. See *Ward*, 277 Ga. at 651 (1). Moreover, it is well-settled that the ultimate responsibility for determining appellate jurisdiction is vested in our Supreme Court. See *Saxton v. Coastal Dialysis & Medical Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996). Because the present case requires resolution of whether Georgia's APA has been preempted by 7 CFR § 246.18 (e), the case is hereby TRANSFERRED to the Supreme Court of Georgia for disposition.[2]

---

[2] The fact that this Court granted the application for discretionary review does not alter the proper determination that jurisdiction is in the Supreme Court. See, e. g., *Cassells v. Bradlee Mgmt. Svcs.*, 161 Ga. App. 325, 326 (1) (291 SE2d 48) (1982); *Fowler v. Aetna Cas. &c. Surety Co.*, 159 Ga. App. 190, 191 (283 SE2d 69) (1981).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 07/19/2012
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*