# Court of Appeals
# of the State of Georgia

ATLANTA, October 09, 2020

*The Court of Appeals hereby passes the following order:*

**A21I0064. RENETTA CHESTON-THORNTON, AS MOTHER AND NEXT FRIEND OF JANE DOE v. ALLSTATE FINANCIAL SERVICES, LLC.**

Renetta Cheston-Thornton, as mother and next friend of Jane Doe, obtained a judgment against Crime Prevention Agency, Inc. ("CPA"), in the amount of $1,000,000,000.00. Seeking to collect on the judgment, Cheston-Thornton filed this garnishment action against Allstate Financial Services, LLC ("Allstate"), and others, as garnishees. When Allstate did not timely file an answer, Cheston-Thornton obtained a default judgment against Allstate in the amount of $1,099,157,534.24.

Allstate filed a motion to set aside the default judgment, arguing, inter alia, that enforcement of the large underlying judgment against it pursuant to the garnishment statutes, including OCGA §§ 18-4-22 and 18-4-24, would be unconstitutional under the due process and equal protection clauses as applied to this case. The trial court issued an order setting aside the default judgment, based upon its findings that (1) to penalize Allstate by transferring such a large amount of liability pursuant to the garnishment statutes violates constitutional principles of due process and fair play under the facts of this case, and (2) the plaintiff did not properly serve the garnishment action upon CPA. Cheston-Thornton then filed this application for interlocutory review, challenging both of these findings.

The Georgia Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1).

In light of the trial court's specific finding that application of the garnishment statutes is unconstitutional under the facts of this case, it appears that jurisdiction over this case lies with the Supreme Court, even if the case may ultimately be resolved on other grounds. See *East Ga. Land & Dev. Co. v. Baker*, 286 Ga. 551, 552 (1) (690 SE2d 145) (2010) (Supreme Court had exclusive jurisdiction over appeal because the constitutionality of a statute, as applied, had been raised and ruled upon by the trial court); *Harrison v. Wigington*, 269 Ga. 388, 388 (497 SE2d 568) (1998) ("If a constitutional question is raised and ruled on below, [the Supreme Court] has exclusive appellate jurisdiction, and this is true, although upon a consideration of the entire case, [it] determines that a decision upon such constitutional questions is not necessary to a proper solution of the case, and makes no decision thereon.") (punctuation omitted). We further note that the Supreme Court has "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction." *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996).

Accordingly, this application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  10/09/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


*, Clerk.*